HOME SEEKERS REALTY COMPANY, a Florida Corporation, *Appellant*, vs. MRS. D. C. MENEAR, joined by her husband, DON C. MENEAR, *Appellees*.

135 So. 402.

En Banc.

Opinion filed June 9, 1931.

8

*Leroy McGregor,* for Appellant;
*Price, Price, Kehoe & Kassewitz,* for Appellees.

BROWN, J.—The demurrer to the bill in this case is a general demurrer to the bill as a whole. Therefore, if the bill contained equity, the court below was not in error in overruling the demurrer. It seems to us that while some of the allegations may have been defective, the bill did contain equity. The bill seeks rescission and cancellation of a contract for the purchase of a lot in a subdivision known as Hollywood Hills First Addition, on the ground that the complainant, the purchaser, was induced to purchase the lot by reason of certain false and fraudulent representations as to certain important improvements which were to be made to the property, and in the subdivision, and alleges that said representations were made with the intent to deceive and defraud the complainant and that the defendant knew them to be false at the time they were made and that the complainants were in truth and in fact deceived and defrauded thereby, and it appears from the allegations that certain of the false representations concerned existing material facts, as well as improvements to be made in the future. The purchase price of the lot was $4200.00; $250.00 was paid at the time the contract was made in October, 1926, $600.00 was paid in November, 1925, and $787.50 was paid on April 13, 1926; that the purchasers declined to make any

further payments because of the failure and refusal of the defendant to carry out its representations as to improvements. And that the market value of the lot is not more than $100.00 at the time of the filing of the bill. We think the bill shows that complainant was injured by the alleged fraudulent representations. The bill prays that the defendant be required to refund the monies paid by the complainant and upon failure to do so that complainants be decreed to have a vendee's lien against the property and that the same be sold to satisfy said lien, etc.

This court has recognized the generally accepted doctrine that, while a mere failure to carry out promises or representations as to future improvements made by the vendor at the time the purchaser entered into the contract will not justify a rescission of the contract, yet a promise or promissory representation as to a material matter, made without any intention of performing it, or made with the positive intention not to perform it, and made by the promisor for the purpose of deceiving the promisee and inducing him to act where he otherwise would not have done so, and the promisee does act in reliance thereon to his injury, constitutes a legal fraud. See Smith v. Home Seekers Realty Co., 97 Fla. 236, 122 So., 709, 67 A. L. R. 807. In the latter case it was said: "It is not alleged that at the time these promises or representations were made the vendor had no intention of fulfilling them, and that they were falsely made with the intent to defraud and deceive the complainant". Citing Roberts v. James, Ann. Cas. 1914 B. 859, and note, 83 N. J. L. 492, 85 Atl., 244. See also Black on Cancellation and Rescission, 2nd ed., Secs. 90, 91, where these questions are fully discussed with copious citations of cases.

We are also inclined to think that the allegations of this bill bring this case within the principles enunciated in Nixon v. Temple Terrace Estates, 97 Fla. 392, 121 So. 475, see also Harrington v. Rutherford, 38 Fla. 321, 21 So. 283, and Holgate v. Jones, 94 Fla. 198, 113 So. 714.

It would appear therefore that the bill was not entirely without equity and that the chancellor was without error in overruling the demurrer and that his order to that effect should be affirmed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., dissents.