PER CURIAM.
These two appeals are by separate defendants from a final judgment upon a jury verdict. The appellees sued the appellants for fraud in the sale to the appellees of a one-half interest in land to be used as an orange grove. The jury found for the appellees and upon entry of final judgment these appeals followed. They have been consolidated for all appellate purposes.
Each of the appellants presents two points on appeal. All of the points claim error because the trial judge refused to direct a verdict for the defendants. The principle thrust of the arguments presented is that there is no evidence in the record to establish: (a) that the appellees relied upon the representations made by the defendants and (b) that the appellees had a legal right to rely upon the representations of the appellants. In essence, it is urged that the representations made were mere puffing statements which do not give rise to a cause of action in an arms-length transaction for the sale of real estate. See Williams v. McFadden, 23 Fla. 143, 1 So. 618 (1887).
Our review of the record convinces us, as it did the trial judge, that jury questions were presented. There was substantial evidence upon which a jury of reasonable men could find the perpetration of a deliberate plan to defraud the appellees, to mislead them as to the usability of the land and to discourage them from the discovery of the true nature of the land. Viewed in this light, the record shows a deliberate and knowing misrepresentation that the land could be used for an orange grove venture in which the appellants represented they would be joint venturers. It was for the jury to determine whether the appellees should have made a more exhaustive investigation under the circumstances presented. In addition, the jury may well have concluded that an investigation by non-experts, such as the appellees were, would not have revealed the false *613 nature of the plan. See Pomeroy’s Equity Jurisprudence, 5th edition, Vol. 3, § 892.
We think that it is well established that one will not be permitted to make fraudulent misrepresentations in the perpetration of a plan to defraud another and then claim that the person defrauded should not have believed the representations. Cf. Willis v. Fowler, 102 Fla. 35, 136 So. 358 (1931); Alepgo Corporation v. Pozin, Fla.App.1959, 114 So.2d 645; Ramel v. Chasebrook Construction Company, Fla.App.1961, 135 So.2d 876.
Affirmed.