230 So.2d 42 (1970)
BERNARD MARKO & ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
Morton STEELE and Lester Segerman, Appellees.
No. 69-462.
District Court of Appeal of Florida. Third District.
January 6, 1970.
*43 Lawrence I. Hollander, Miami, for appellant.
Kovner, Manheimer, Greenfield & Cutler, Steven J. Rose and Donald S. Rose, Miami, for appellees.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
PEARSON, Chief Judge.
This appeal is from a summary final judgment entered for the defendants upon appellant's claim of damages for fraud and deceit. The appellees, Steele and Segerman, were officers and directors of a corporation known as Seaboard Beverages, Inc.
Appellant's complaint sought to impose individual liability upon the appellees for allegedly fraudulent representations they made in order to have appellant dissolve a garnishment the appellant had filed against Seaboard. Appellant dissolved the garnishment upon a stipulation whereby Seaboard agreed to give the appellant a sum of money plus six notes and to secure the notes by an encumbrance upon "all its mixing and refrigeration equipment." Seaboard gave appellant the agreed sum and the notes but gave no instrument encumbering the mixing and refrigeration equipment. Seaboard made payment on one of the notes and went into voluntary bankruptcy in October 1967. Appellant instituted the present cause in August 1968.
Appellant's complaint alleged that the appellees were guilty of fraud in that they represented to the appellant that all of Seaboard's mixing and refrigeration equipment was clear of all liens and encumbrances while this representation in fact was untrue and known by the appellees to be untrue. The trial court entered summary judgment in favor of the appellees after he correctly found (upon the pleadings and the discovery proceedings) appellees' representation that the mixing and refrigeration equipment was unencumbered was in fact true.
Appellant does not dispute the correctness of this finding. It urges however that its complaint should be construed to present an alternative statement of fraud and deceit in that it contains allegations that the appellees made the representation *44 that an encumbrance upon the refrigeration and mixing equipment would be given when they never intended to give any type of security and knew that the security would not be given.
In order to state a claim for fraud based upon representation of a future occurrence, a plaintiff must allege that the representation was "made without any intention of performing it, or made with the positive intention not to perform it * * *." Home Seekers' Realty Co. v. Menear, 102 Fla. 7, 135 So. 402 (1931). These essential allegations are completely lacking in appellant's complaint. But appellant contends that since the summary judgment may have been based upon the insufficiency of the allegations, it should have been given an opportunity to amend its complaint. This contention was not presented to the trial court; it was first raised on appeal. It is unavailing in any event. A trial court should allow a plaintiff to amend his complaint if during the hearing on a motion for summary judgment evidence is offered which reveals the plaintiff has misstated his position. Hart Properties, Inc. v. Slack, Fla. 1959, 159 So.2d 236, 240; McClendon v. Key, Fla.App. 1968, 209 So.2d 273, 277. However in the present case no party offered such evidence. The court therefore properly entered summary judgment for the appellees without granting the appellant leave to amend its complaint.
The appellant has presented an additional point urging that the summary judgment in favor of defendant Segerman was procedurally incorrect because Segerman did not serve and file a motion for summary judgment pursuant to the time requirement of Rule 1.510(c), Florida Rules of Civil Procedure, 31 F.S.A. At the hearing on Steele's timely filed and served motion for summary judgment, Segerman's counsel orally requested permission of the court to join in Steele's motion for summary judgment. The appellant made no objection. The court permitted the joinder because the defendants occupied the same legal position relative to the grounds of the motion for summary judgment. It followed as a matter of law that if defendant Steele was entitled to a summary judgment upon the grounds asserted, defendant Segerman would also be entitled to a summary judgment. Therefore appellant was in no way prejudiced by defendant Segerman's failure to follow the provision of Rule 1.510(c). In addition we think that appellant's failure to object to Segerman's motion to join in the motion for summary judgment filed by Steele amounted to a waiver by the appellant of the time requirements of Rule 1.510(c), Florida Rules of Civil Procedure.
Affirmed.