284 So.2d 205 (1973)
COMMERCE NATIONAL BANK IN LAKE WORTH, Petitioner,
v.
SAFECO INSURANCE COMPANY OF AMERICA, Etc., Respondent.
No. 41690.
Supreme Court of Florida.
October 11, 1973.
*206 Frank E. Booker, of Ryan, Taylor, Booker & Law, North Palm Beach, for petitioner.
John R. Beranek, of Jones, Paine & Foster, West Palm Beach, for respondent.
CARLTON, Chief Justice.
Certiorari was granted on account of conflict between the decision of the District Court below, 252 So.2d 248 (4th D.C.A. 1971) and decisions cited in the dissent contained therein. Further review has dispelled any notion of conflict and the writ now appears to have been improvidently issued.
Two matters bear discussion: the first relates to the record submitted in support of the petition; the second relates to the theory of conflict advanced by petitioner.
*207 The petition included the following statement:
"2. The facts relied on for the issuance of the writ are set forth accurately and concisely in the dissenting opinion of Judge Mager of the Fourth District Court of Appeal. A conformed copy of the opinion of the Fourth District Court of Appeal is included in the Appendix."
Petitioner deemed the above sufficient under F.A.R. 4.5, subd. c(6), 32 F.S.A.:
"The petition shall set forth briefly and clearly the grounds for invoking jurisdiction of the Supreme Court and the facts relied upon for issuance of the writ... . Only so much of the records as shall be necessary to show jurisdiction in the Supreme Court shall be attached to or filed with the petition...."
Thereafter respondent Safeco entered a Motion to Quash and Dismiss summarized by the following excerpt:
"1. The petition, brief and supporting record filed herein are legally insufficient to show jurisdiction in this Court. The petition, brief and record are based solely on the dissenting opinion of Judge Gerald Mager. Nothing other than the dissent of Judge Mager is relied upon to vest jurisdiction in this Court."
While it is apparent from the cases that we have, upon occasion, considered dissents in determining jurisdictional conflict, the Motion to Quash entered in the instant case presents an opportunity to comment on the rationale of considering dissents when no other portion of the record proper is presented for consideration other than the majority and dissenting opinions.[1]
When facts and testimony are set forth in a majority opinion, they are assumed to be an accurate presentation upon which the judgment of the court is based. However, a dissent does not rise to a similar level of dignity and is not considered as precedent; note, for example, that West Publishing Company does not offer head-notes for dissents, regardless of their legal scholarship. By definition, a dissent contains information, interpretations or legal analysis which has been rejected, in whole or part, by the majority. It is also possible that the majority accepts matters set forth in the dissent, but for other reasons declines to follow its line of thought. The majority is under no compulsion to respond to a dissent or to set out the measure of their reluctance to agree. The issuance of a per curiam opinion without comment or citation of authority remains the prerogative of the majority.
Nonetheless, a certain undefined presumption exists that an appellate judge, when expounding on the record, would not purposefully seek to mislead. Therefore, an attorney examining the facts and testimony (as opposed to the conclusions) set forth in the dissent, may have cause to file a petition for conflict certiorari for reasons elucidated in the dissent.[2] Since F.A.R. 4.5, subd. c(6) requires that only so much of the record as justifies determination of conflict is to be presented with the petition, the opinion alone with its accompanying dissent may suffice.
It is always proper for the brief in opposition to certiorari to point to the deficiencies of the dissent when examined in light of other elements of the record proper. Moreover, the majority opinion itself, if not per curiam without comment, may set forth facts sufficient to overcome any alleged conflict arising out of the dissent's presentation of facts; the presumption *208 would be that any factual presentation by the majority would supersede, in terms of prima facie validity, any factual presentation in the dissent, if both were in contest. If alternative facts are argued between a majority and a dissent, it would be perilous indeed for a petitioner to fail to present other elements of the record proper for our consideration. If the facts are not in contest, and the dissent asserts that the majority's application of the law is in conflict with other cases, sufficient facts would still have to be presented to demonstrate that the law had been applied in a manner which created conflict. Assuming that no other portions of the record proper are presented with the petition, the facts would have to be gleaned from either the majority or the dissent; jurisdiction is granted on the record and not on mere assertions of conflict. Finally, practitioners are reminded that the entire record is transmitted to the court after certiorari is granted [F.A.R. 4.5, subd. c(6)] and a determination may still be made that the writ was improvidently issued if conflict is dispelled upon examination of the record proper. Indeed this is the precise result we reach with the instant case.
In the instant case, Commerce National Bank retained title to a number of automobiles held out for sale by Gist under terms specified within the Bank's commercial sales agreement. Having decided that Gist was violating the terms of the arrangement, the Bank regained possession of the automobiles. Gist then filed suit against the Bank.
As the Bank's insurer, Safeco was charged under the policy with defending repossession suits so long as the repossessions were not in violation of law. Safeco entered the suit and successfully defended against Gist's initial complaint. Thereafter, Gist's complaint was amended to include allegations of illegal repossession and Safeco withdrew, obligating the Bank to pursue its own defense.
Subsequently the Bank filed suit against Safeco, alleging failure to defend on Gist's initial complaint; Gist's initial complaint was not attached and the Bank's action was dismissed. Thereafter, the Bank filed an amended complaint with Gist's initial complaint attached. Safeco had defended against this initial complaint, and it successfully moved again for dismissal. The Bank responded with a further amended complaint, again alleging that Safeco had failed to defend against Gist's initial complaint. Summary judgment was finally entered in Safeco's behalf. The record reveals that other issues were raised, principally whether or not alleged illegal repossession was contemplated in the Safeco-Commerce policy. These issues were all decided adversely to the Bank.
An examination of the dissent suggests the probable existence of conflict, but a careful review of the facts presented in the dissent reveals inconsistencies with the record proper. We note, for example, that while the dissent sets forth the "Personal Injury Liability Coverage Endorsement", it omits policy language stating that coverage is "subject to all the terms, conditions and provisions of this endorsement", which included an exclusion of liability for "willful violation of a penal statute or ordinance... ." This "subject to" language is controlling, and willful criminality is excluded from coverage.
Additionally, whereas the dissent suggests that Safeco asserted an affirmative defense in a motion for summary judgment, in fact it appears that Safeco was merely completing the record before the trial judge. The other suggested points of conflict also lack support in the record.
Full examination of the record proper having dispelled the conflict thought to vest this Court with jurisdiction, the writ heretofore issued is discharged as improvidently issued.
It is so ordered.
ROBERTS, ADKINS and DEKLE, JJ. concur.
ERVIN, BOYD and McCAIN, JJ., agree only to conclusion.
NOTES
[1] See Huguley v. Hall, 157 So.2d 417 (Fla. 1963); Autrey v. Carroll, 240 So.2d 474 (Fla. 1970); Smothers v. Smothers, Fla., 281 So.2d 359 (Filed July 31, 1973).
[2] Testimony will not be considered as part of the record proper under Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965), except to the extent it is set forth in the record proper, i.e., to extent it appears in excerpted form within the complaint, orders of the court, the appellate decisions, etc.