ON REHEARING GRANTED
PER CURIAM.
The appellees filed a timely petition for rehearing addressed to the opinion originally filed in this cause. This court thereupon granted rehearing upon the issue of whether punitive damages was properly submitted to the jury and the court heard argument thereon.
Thereupon, the opinion originally filed in this cause is withdrawn and a revised opinion is this day filed.
REVISED OPINION
PEARSON, Judge.
The appellant, Herman L. Shaw, was the defendant in the trial court. He appeals final judgments based upon jury verdicts which assessed both compensatory and punitive damages against him in an action initiated by the appellees claiming that they were fraudulently induced to purchase stock in a corporation known as Fotochrome, Inc. The judgments were in the amounts of $7,200 as compensatory damages and $7,500 as punitive damages for the appellee Howard M. Dunn, and in the amounts of $8,200 as compensatory damages and $7,500 as punitive damages for the appellee Sidney Zucker.
On this appeal, appellant’s first point claims that the record does not contain any showing that the appellees were justified in relying on his representations regarding the Fotochrome stock. Normally, the plaintiffs-appellees would be barred from recovery by their failure to make an independent investigation into the value of the stock, but the record in the case at bar reveals that the representations which the jury found Shaw had made were! such that an investigation would not have been effective because the representations consisted of matters about which Shaw claimed a special knowledge. Therefore, we find *406 that the appellees are not barred from recovery by the above-stated principle. See Blynn v. Ralbag, Fla.App.1967, 201 So.2d 611; Ramel v. Chasebrook Construction Company, Fla.App.1961, 135 So.2d 876.
Appellant’s second and third points urge as error the reception of certain evidence and the failure to give certain requested jury instructions. In each case, the matters were such that if error occurred, it would not be reversible on this record. We therefore decline to reverse on these points.
Appellant’s fourth point urges that the issue of punitive damages was improperly submitted to the jury because there is no evidence to show malice, moral turpitude, wantonness or outrageousness. See Dr. P. Phillips & Sons, Inc. v. Kilgore, 152 Fla. 578, 12 So.2d 465 (1943). Conversely, the appellees urge that where there is any evidence of willful misconduct on the part of a defendant by which he accomplishes a fraud upon another, then the question of whether punitive damages are to be allowed is exclusively for the jury. The ap-pellees rely upon Buie v. Barnett First National Bank of Jacksonville, Fla.1972, 266 So.2d 657, a case involving the repossession of an automobile.
We find that the rule expressed in the Buie case cannot be applied to support the appellees’ position because it is manifest in Buie that evidence of malice and outrageousness was the basis for awarding punitive damages. Clearly, in fraud cases, punitive damages can only be awarded where the fraud is characterized by malicious and outrageous aggravation. See Associated Heavy Equipment Schools, Inc. v. Masiello, Fla.App.1969, 219 So.2d 465; Brown v. Cahill, Fla.App.1963, 157 So.2d 871; Walker v. Sheldon, 10 N.Y.2d 401, 223 N.Y.S.2d 488, 179 N.E.2d 497 (1961). As to stock fraud cases see Southern Building & Loan Ass’n v. Dinsmore, 225 Ala. 550, 144 So. 21 (1932); Long v. McAllister, 275 Pa. 34, 118 A. 506 (1922); Kluge v. Ries, 66 Ind.App. 610, 117 N.E. 262 (1917); Cable v. Bowlus, 21 Ohio Cir.Ct.R. 53, 11 Ohio Cir.Dec. 526 (1900), aff’d, 69 Ohio St. 563, 70 N.E. 1115 (1903); Coffee v. Permian Corporation, 474 F.2d 1040 (5th Cir. 1973); American Bank & Trust Company v. Barad Shaff Securities Corp., 335 F.Supp. 1276 (S.D.N.Y.1972); Gann v. Bernzomatic Corporation, 262 F.Supp. 301 (S.D.N.Y.1966).
Applying the test of the above-mentioned rule to the case at bar, we find that the record is devoid of anything other than a misrepresentation by one stock trader to other persons interested in becoming stock traders. We therefore conclude that there is no basis for punitive damages. We have examined the appellees’ cross-assignments of error concerning the failure to award interest and find them to be without merit. Accordingly, the judgments appealed are affirmed as to compensatory damages but reversed as to punitive damages, and the cause is remanded with directions to enter an amended final judgment in accordance with the views herein expressed.
Affirmed in part, reversed in part, and remanded.