303 So.2d 6 (1974)
Howard M. DUNN and Sidney Zuker, Petitioners,
v.
Herman L. SHAW, Respondent.
No. 44889.
Supreme Court of Florida.
November 7, 1974.
Guy B. Bailey, Jr. of Pettigrew & Bailey, Miami, for petitioners.
Eric B. Meyers of Shutts & Bowen, Miami, for respondent.
PER CURIAM.
We have reviewed by writ of conflict certiorari the decision of the District Court of Appeal, Third District, in the case of Shaw v. Dunn (1973), 287 So.2d 404, and find that conflict of decisions exists.
As reflected by the majority and dissenting opinions, we note that the majority of the District Court concluded that in the instant case the stock fraud was not
"... characterized by malicious and outrageous aggravation.
* * * * * *
"... that the record is devoid of anything other than a misrepresentation by one stock trader to other persons interested in becoming stock traders. We therefore conclude there is no basis for punitive damages." 287 So.2d at 406.
On the other hand, the dissenting opinion of Judge Barkdull states:
"I concur with the revised opinion prepared by Judge Pearson, except for that portion relating to punitive damages. I would affirm the jury award of punitive damages.
"The defendant, who had previous connections with the plaintiffs in their mutual support of Zionist activities, induced the two plaintiffs through misrepresentations to purchase stock. The defendant was much more experienced in stock matters; both the plaintiffs were retired and one was legally blind. The record shows that the defendant had previously been convicted of a crime [stock fraud], and I would sustain the punitive damages award as rendered by the jury verdict. The defendant, who was accustomed to living in a luxurious apartment and driving a Rolls Royce, did not even take the time to attend the trial." 287 So.2d 406-407.
That a dissenting opinion of a district court may be considered in determining existence of conflict, see Commerce National Bank in Lake Worth v. Safeco Ins. Co. (Fla. 1973), 284 So.2d 205.
Read together, the instant District Court opinions reflect the majority opinion conflicts with controlling decisions of this Court. Compare Barnett First Nat'l Bank of Jacksonville v. Buie (Fla. 1972), 266 So.2d 657, following Winn and Lovett Grocery Co. v. Archer (1936), 126 Fla. 308, 171 So. 214, and Adams v. Whitfield (Fla. 1974), 290 So.2d 49.
*7 Taking into consideration the description of the stock fraud in Judge Barkdull's dissent, we are not impressed with the attempt of the majority to distinguish the instant case situation from our decisions cited just above. It appears to us the fraud or misrepresentation could have been malicious and outrageous and that the District Court characterization of such conduct to the contrary was an evidentiary conclusion that invaded the province of the jury. The jury under the trial judge's instructions was well within its province to find the stock fraud misrepresentation justified award of punitive damages.
Finding conflict as we do, the decision of the District Court is quashed with direction that on remand the judgment of the trial court be reinstated in full.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, McCAIN, DEKLE and OVERTON, JJ., concur.
BOYD, J., dissents.