ERVIN, Justice
(dissenting):
I find conflict of decisions exists in this cause warranting certiorari relief. The conflict is apparent from Judge McNulty’s dissent in Tedder v. State (Fla.App.1974), 287 So.2d 330, 331. Conflict can arise *489 from a dissent pursuant to the views expressed in Commerce National Bank in Lake Worth v. Safeco Ins. Co. (Fla.1973), 284 So.2d 205, and consistent therewith appears to arise here.
I agree with Judge McNulty that the evidence was clearly insufficient to revoke Tedder’s probation. As Judge McNulty points out, the evidence produced at the revocation ' hearing did not countervail Tedder’s good faith claim of inability to earn the money to make the installment payments he had agreed to make in restitution as provided in the probation order.
The State produced no evidence showing Tedder had not made requisite efforts to earn the necessary money for the restitution payment installments. It did not show intentional failure on his part to gain employment and make the money for the restitution payments.
The trial judge holding the revocation hearing made no findings on the crucial issue of Tedder’s pecuniary inability to make the payments.
In this context there is conflict with Bernhardt v. State (Fla.1974), 288 So.2d 490, which, following pertinent decisions of the United States Supreme Court, holds due process must be afforded a probationer in revocation proceedings. Here, there was no evidentiary showing of intentional violation by Tedder of the probation order. See also, Larocco v. State (Fla.App.1973), 276 So.2d 538, and Hardison v. Texas (Tex.Cr.App.), 450 S.W.2d 638 (1970).
Manifest in the context of this cause is the presence of involuntary servitude. Tedder had been given his liberty under a probation order contingent upon his pecuniary ability to make installment restitution payments. The record of his probation hearing demonstrates he was pecuniarily unable through no fault of his own to make the payments. Nevertheless, because of his inability to make them, his probation stands revoked and his liberty thereunder shorn. Under such circumstances, I think the principles announced in Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct 585, 100 L.Ed. 891, and Fuller v. Oregon (1974), 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642, have clear application.
McCAIN and DEKLE, JJ., concur.