GLICKSTEIN, Judge,
concurring specially with opinion:
This is an appeal from an order dismissing with prejudice appellant’s third amended complaint.[1] We affirm.
Appellant’s third amended complaint alleges that George Nagle, as the controlling shareholder of Durty Nellie’s, Inc., induced appellant to renovate a boat sales office into a pub by agreeing to pay appellant $25,000; to transfer to appellant a nine percent interest in Durty Nellie’s, Inc.; and to obtain a liquor license for Durty Nellie’s, Inc. The pleading further avers that Nagle had the lease put in his name, rather then Durty Nellie’s, Inc., then assigned the lease, and had the liquor license issued to George Nagle Enterprises, Inc., rendering appellant’s nine percent interest in Durty Nellie’s, Inc. worthless. The trial court dismissed the third amended complaint as to George Nagle and George Nagle Enterprises, Inc., with prejudice and upheld the pleading as to Durty Nellie’s, Inc., the latter corporation being the party with which appellant contracted to make the subject improvements.
Appellant maintains that the trial court erred in dismissing its pleading but also recognizes that the third amended complaint could have been improved by alleging Nagle, at the time he made his representations to appellant, had no intention to perform and had an intention not to perform. We think that the trial court properly dismissed the pleading, which deals with promises to do something in the future.
In Home Seekers’ Realty Co. v. Menear, 102 Fla. 7, 9, 135 So. 402, 402-403 (1931), the supreme court said:
[A] promise or promissory representation as to a material matter, made without any intention of performing it, or made with the positive intention not to perform *1347 it, and made by the promisor for the purpose of deceiving the promisee and inducing him to act where he otherwise would not have done so, and the promisee does act in reliance thereon to his injury, constitutes a legal fraud.
See also Bernard Marko & Associates, Inc. v. Steele, 230 So.2d 42, 44 (Fla.3d DCA 1970). The pleading in question contained neither of the requisite allegations to state a cause of action for fraud.
Appellant’s second argument is that the third amended complaint should not have been dismissed with prejudice. It relies upon our language in Petterson v. Concrete Construction, Inc., 202 So.2d 191, 197 (Fla. 4th DCA 1967) rev'd on other grounds 216 So.2d 221 (Fla.1968):
This court is committed to the view that leave to amend should be freely given.
******
Granting leave to amend rests in the sound discretion of the trial court but doubts should be resolved in favor of allowing amendment unless and until it appears that the privilege to amend has been abused.
See also Enstrom v. Dixon, 354 So.2d 1251 (Fla. 4th DCA 1978); Hansen v. Central Adjustment Bureau, Inc., 348 So.2d 608, 610 (Fla. 4th DCA 1977); Associated Television and Communications, Inc. v. Dutch Village Mobile Homes of Melbourne, Ltd., 347 So.2d 746 (Fla. 4th DCA 1977). However, appellant is not seeking a second or third opportunity to amend the complaint. Instead, it asks for a fifth opportunity to plead. A refusal to do so on the part of the trial court is not an abuse of discretion.[2]

. Appellant was the defendant in an action brought by appellee Durty Nellie’s, Inc. What we can surmise from the record on appeal is that appellant’s last pleading was really a third amended counterclaim against appellee Durty Nellie’s, Inc.; and a third amended third-party complaint against appellees George Nagle Enterprises, Inc., and George Nagle. However, for ease of reference we shall refer to the pleading as it was originally labelled.

. Osborne v. Delta Maintenance and Welding, Inc., 365 So.2d 425 (Fla.2d DCA 1978) held that a fourth amended complaint should have been permitted. That case, however, involved no attack on the allegations of fraud until the third amended complaint was filed.