431 So.2d 602 (1983)
Walter SCHIEF and Camille Schief, Appellants,
v.
LIVE SUPPLY, INC., Appellee.
No. 81-1194.
District Court of Appeal of Florida, Fourth District.
January 5, 1983.
Rehearings Denied June 10, 1983.
Michael David Harris, North Palm Beach, for appellants.
John L. Avery, Jr., Tequesta, for appellee.
WALDEN, Judge.
This is an appeal from a final judgment in a civil action based upon a jury verdict. Appellants (the Schiefs) were defendants. They were charged with fraud. The jury returned its verdict for $19,989.99 in compensatory damages against the Schiefs, jointly and severally, plus punitive damages of $75,000.00 against each of the Schiefs. We affirm the award of compensatory damages. We reverse the award of punitive damages and remand for a new trial on that issue.
Our concern centers upon Standard Jury Charge 6.12 as modified by the trial court:
If you find for the plaintiff and find also that any defendant whom you find to be liable to the plaintiff acted with malice, moral turpitude, wantonness, wilfulness, reckless indifference to the rights of others "or fraud", you may, in your discretion, assess punitive damages against such defendant as punishment and as a deterrent to others. If you find punitive damages should be assessed against any defendant, you may consider the financial resources of such defendant in fixing the amount of such damages. You may assess punitive damages against one defendant and not the others, or against more than one defendant in different amounts.
The underlined portion was inserted by the trial court and is not found in the standard charge. Moreover, contrary to the mandate of Florida Rules of Civil Procedure, Form 1.985, the trial judge did not state on the record or on separate order the legal basis for his determination that a modification of Standard Jury Charge 6.12 was necessary. *603 This error was preserved by the Schiefs and it cannot be said, in our opinion, that the error was merely harmless.
The instruction, as delivered by the lower court, was clearly erroneous and substantially altered the plaintiff's burden of establishing an entitlement to punitive damages. In the seminal case of Winn and Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936), our Supreme Court said:
Punitive or exemplary damages are allowable, however, solely as punishment or "smart money" to be inflicted for the malicious or wanton state of mind with which the defendant violated plaintiff's legal right, and can only be imposed in cases where either by direct or circumstantial evidence some reasonable basis for an inference of wantonness, actual malice, deliberation, gross negligence, or utter disregard of the law on defendant's part may be legitimately drawn by the jury trying the case.
171 So. at 222-3. See also, Campbell v. Government Employees Insurance Co., 306 So.2d 525 (Fla. 1974); Ingram v. Pettit, 340 So.2d 922 (Fla. 1976); Arab Termite and Pest Control of Florida, Inc. v. Jenkins, 409 So.2d 1039 (Fla. 1982). These cases make it clear, as does Standard Jury Instruction 6.12, that punitive damages are recoverable only against defendants whose wrongful conduct is particularly reprehensible. "Punitive damages apply to wrongdoing not covered by the criminal law, where the private injuries inflicted partake of public wrongs." Arab Termite and Pest Control of Florida, Inc. v. Jenkins, supra. In fraud cases, the element of malice or outrageous conduct is necessary. Dunn v. Shaw, 303 So.2d 6 (Fla. 1974).[1]
The lower court's modification of the standard jury instruction, in essence, determines that all fraudulent conduct is necessarily accompanied by "malice, moral turpitude, wantonness, wilfulness or reckless indifference to the rights of others." Consequently, all causes of action sounding in fraud would therefore be amenable to claims for punitive damages. Obviously, this position is incorrect and cannot be reconciled with Florida law. Whether a fraudulent act is sufficiently outrageous so as to justify an award of punitive damages is a question for the jury. Dunn v. Shaw, supra. Therefore, a distinction should be made, as does Standard Jury Charge 6.12 (without modification), as to the kinds of fraud that will allow the imposition of punitive damages. It was error for the trial court to instruct the jury and authorize that a finding of fraud, in and of itself, may support an award of punitive damages. We reverse and remand for a new trial on the issue of punitive damages.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
LETTS, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] In Wedeman v. City Chevrolet Company, 278 Md. 524, 366 A.2d 7 (Ct.App. 1976) Judge Levine has collected and cited authorities from throughout the country, including Dunn v. Shaw, supra, for the proposition that the weight of authority holds to recover punitive damages in an action for fraud there must be "an element of aggravation, evidenced by malicious, deliberate, gross or wanton conduct." Id. at 11.