440 So.2d 659 (1983)
FLORIDA POWER & LIGHT CO., Appellant,
v.
Richard E. WALKER, Kelley E. Walker, Jr., & Kenneth W. Walker, Appellees.
No. AQ-267.
District Court of Appeal of Florida, First District.
November 18, 1983.
*660 Noah H. Jenerette, Jr., and James H. McCarty, Jr., of Boyd, Jenerette, Staas, Joos, Williams & Felton, Jacksonville, for appellant.
William L. Coalson, of Greene & Greene, Jacksonville, for appellees.
WENTWORTH, Judge.
In a condemnation suit brought against them by appellant, appellees filed a counterclaim for trespass. They were awarded $866 compensatory damages and $45,000 in punitive damages. Florida Power and Light appeals only the award of punitive damages. We reverse.
In April of 1981, Florida Power & Light began working on a 37.5 mile electricity transmission line in northern Nassau County. As it acquired necessary rights of way, the land was cleared by a contractor, Phillips & Jordan, Inc. Prior to the beginning of the clearing activities Florida Power & Light and Phillips & Jordan personnel met for a preconstruction conference. They discussed the fact that not all of the necessary land had been acquired, and therefore a "leapfrogging" technique would be utilized in order to do the clearing on the lands that had been acquired, while skipping those lands that had not yet been taken. In addition, Florida Power & Light had prepared a color coded map showing the property that had been acquired and that which had not. Appellees' property was among that which had not. When the contractor began the actual clearing, Florida Power & Light had on-site supervisors who were available in the event problems or questions arose.
Before acquiring the right of way over appellees' land, employees of Phillips & Jordan replaced three sections of appellees' barbed wire fence with three gates. One of the gates was incorrectly placed and some of appellees' cattle got out. However, they were rounded up in approximately one hour without loss or damage to the cattle.
Because Florida Power & Light knew it had no right to enter appellees' land and because it exercised supervisory control over its contractor, appellees argue that there was sufficient evidence for the jury to award punitive damages. The evidence, however, shows only that the trespass was a mistake. Even when viewed in the light most favorable to appellees, there is nothing in the record to show that Florida Power & Light or its contractor acted with wantoness, actual malice, deliberation, gross negligence, or utter disregard of appellees' property rights. Winn and Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936).
In Florida Power and Light v. Scudder, 350 So.2d 106 (Fla. 2d DCA 1977), the court found that although Florida Power & Light had been careless in failing to ascertain the true owners of the property before erecting its power poles, the company's conduct was "not the type of outrageous wrong which warrants imposition of punitive damages." 350 So.2d 110. In Scudder, the trespass was of a continuing nature because the company had actually installed the poles and lines before determining who owned the property. Here, the trespass was brief and appellees were adequately compensated for any actual damages. In addition, the evidence shows that Florida Power & Light had taken precautions to attempt to avoid a mistake of the kind which occurred here. The fact that a mistake did occur does not entitle appellees to punitive damages. We *661 find the punitive damage award to be manifestly against the weight of the evidence. See Arab Termite and Pest Control v. Jenkins, 409 So.2d 1039 (Fla. 1982).
The punitive damage award is accordingly reversed; the judgment is affirmed in all other respects.
LARRY G. SMITH and JOANOS, JJ., concur.