448 So.2d 1084 (1984)
Theodora WALSH, Appellant,
v.
Frank ALFIDI and Siesta Motor Inn, Inc., Appellees.
No. AR-339.
District Court of Appeal of Florida, First District.
March 27, 1984.
Rehearing Denied May 15, 1984.
*1085 Gary A. Benson, of Weil, Johnson & Benson, Jacksonville, for appellant.
Michael Basford, of Basford & Basford, and Michael J. Korn, of Boyer, Tanzler, Blackburn, Boyer & Nichols, Jacksonville, for appellees.
ZEHMER, Judge.
Appellant Walsh received a final judgment for compensatory damages on her claim that appellees, Alfidi and Siesta Motor Inn, fraudulently misrepresented the condition and business use of the motel restaurant she leased from them. Both parties have appealed. Walsh contends that the trial court erred in refusing to submit her claim for punitive damages to the jury. Appellees complain of two evidentiary rulings and also contend that the evidence is insufficient to establish fraud on their part. We agree with Walsh and reverse.
On November 12, 1981, Walsh filed a complaint against appellees alleging fraud and seeking compensatory and punitive damages. The two primary allegations of the complaint were that Alfidi fraudulently *1086 and intentionally misrepresented the character of the restaurant operation on the motel property as a "mom and pop style family restaurant" when Alfidi knew that the restaurant catered to prostitutes and drug users. Walsh also alleges that Alfidi fraudulently and intentionally misrepresented the condition of the plumbing system in the restaurant when he knew that such system was defective. Based upon Alfidi's representations, appellant undertook to lease and operate the restaurant.
The case was tried to a jury, and at the close of Walsh's case the trial judge directed a verdict against her on punitive damages. The trial judge specifically held that although Walsh had proven all of the necessary elements of fraud she had failed to produce any evidence of malicious or outrageous conduct by Alfidi that would support an award of punitive damages. The jury returned a verdict in favor of appellant for $2,946 compensatory damages. Both parties have appealed.
Addressing, first, appellees' cross-appeal, we hold that the trial court did not commit reversible error in receiving the evidence complained of by appellees and that the trial court was correct in denying appellees' motion for directed verdict on Walsh's fraud claim. There was sufficient evidence for the jury to find that Alfidi intentionally misrepresented the condition of the restaurant plumbing system when he knew that the system was substantially defective or, because of past adverse experience with the plumbing on the entire premises, knew that he lacked sufficient knowledge to make such affirmative representation; that Alfidi intentionally misrepresented the restaurant was a "mom and pop style family restaurant" operation while knowing that the neighborhood clientele included a significant number of prostitutes and drug users; that Alfidi made these misrepresentations for the purpose of inducing Walsh to lease the property; and that Walsh relied upon these fraudulent statements to her detriment.
Addressing, next, the issue raised by Walsh, we hold that the trial court erred in taking the punitive damage claim from the jury. Punitive damages may be awarded when there is evidence that the defendant acted with malice, moral turpitude, wantonness, willfulness, or reckless indifference to the rights of others. Campbell v. Government Employees Insurance Co., 306 So.2d 525 (Fla. 1975); Florida Power & Light Co. v. Walker, 440 So.2d 659 (Fla. 1st DCA, 1983); Florida Standard Jury Instruction 6.12 (1982). In Arab Termite & Pest Control of Florida, Inc. v. Jenkins, 409 So.2d 1039 (Fla. 1982), the Supreme Court defined the respective roles of the trial court and the jury regarding punitive damages, quoting from Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla. 1978):
When claims for punitive damages are made, the respective provinces of the court and jury are well defined. The court is to decide at the close of evidence whether there is a legal basis for recovery of punitive damages shown by any interpretation of the evidence favorable to the plaintiff. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 222 (Fla. 1936). A legal basis for punitive damages exists where torts are committed in an outrageous manner or with fraud, malice, wantonness or oppression. Id. [171 So.] at 221. Once the court permits the issue of punitive damages to go to the jury, the jury has the discretion whether or not to award punitive damages and the amount which should be awarded. Punitive damages `are peculiarly left to the discretion of the jury as the degree of punishment to be inflicted must always be dependent on the circumstances of each case, as well as upon the demonstrated degree of malice, wantonness, oppression, or outrage found by the jury from the evidence.' (emphasis supplied) Id.

409 So.2d at 1041. Of course, the jury should not be instructed that punitive damages will be awarded if the defendant is found guilty of fraud; the instructions must make clear the jury's duty to determine that any fraudulent conduct found by the jury must also be accompanied by malice, *1087 moral turpitude, wantonness, willfulness, or reckless indifference to the rights of others in order to award punitive damages. Schief v. Live Supply, Inc., 431 So.2d 602 (Fla. 4th DCA 1983). This purpose is served by Florida Standrd Jury Instruction 6.12 (1982).
Whether a fraudulent act is "sufficiently outrageous so as to justify an award of punitive damages is a question for the jury." Schief v. Live Supply, Inc., supra, at 603; Tinker v. De Maria Porsche Audi, Inc. (Fla. 3d DCA 1984) [9 FLW 398]. In Tinker, which involved circumstances somewhat analogous to the case sub judice, it was held that the trial court reversibly erred in denying plaintiff's requested instruction on "negligent fraud" (the trial court instructed the jury on "actual knowledge" fraud and "gross negligence" constituting fraud) and erred in striking plaintiff's claim for punitive damages. Regarding the punitive damages claim, the court stated:
It was error for the trial court to strike the demand for punitive damages. Punitive damages are recoverable where the tortious act complained of is fraud. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936); City of Hollywood v. Coley, 258 So.2d 828 (Fla. 4th DCA 1971). Even if a jury were to find De Maria's act unintentional, an award of punitive damages would be justified if there is shown an entire want of care by defendant in the exercise of the duty it assumed toward the plaintiff. The gross negligence required to support an award of punitive damages may be imputed from a want of slight care or attention to duty which a defendant owes to a plaintiff; the issue is one for the jury. Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957); see also Dean Witter Reynolds, Inc. v. Leslie, 410 So.2d 961 (Fla. 3d DCA 1982); Hanft v. Southern Bell Telephone & Telegraph Co., 402 So.2d 453 (Fla. 3d DCA 1981), quashed in part, 436 So.2d 40 (Fla. 1983) (partial reversal based on determination that facts did not support gross negligence finding). On this record it was clearly error to strike the claim for punitive damages. The court (erroneously) instructed the jury that, in order to support a verdict for the plaintiff, it had to find, and it did find, either `actual fraud' or `gross negligence'  which supports a claim for punitive damages.
At 9 FLW at 401.
Similarly, in this case the trial judge found that Walsh had presented sufficient evidence to warrant submission of her fraud claim to the jury and instructed the jury that defendants could be found guilty of fraud if the false statements were "made by one knowing that the representation is false" or "if he did not know, ought to have known of its falsity." Such acts of fraud form the legal basis for an award of punitive damages; therefore, it was for the jury, not the trial judge, to determine whether punitive damages should be awarded. The judgment is reversed and the cause remanded for a new trial on the issue of punitive damages only.
REVERSED and REMANDED.
ERVIN, C.J., and BOOTH, J., concur.