452 So.2d 1024 (1984)
Randolph H. HUTCHENS, et al., Appellants,
v.
Robert WEINBERGER, et al., Appellees.
No. 82-1850.
District Court of Appeal of Florida, Fourth District.
July 5, 1984.
Gary Vonhof, Jose Rodriguez and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellants.
Frank B. Kessler and Gary I. Zwickel of Zwickel, Gross & Kessler, Lake Worth, for appellees.
DELL, Judge.
In an action for fraud and deceit, appellants Randolph H. Hutchens and Home Energy Saver Systems of Florida Inc. appeal from a jury verdict awarding appellees $18,000 in compensatory damages and $10,000 in punitive damages.
Appellant Hutchens met the inventor of a home energy saving system and decided to purchase a franchise to market the home *1025 energy saver device. After purchasing the franchise he and his son incorporated Home Energy Saver Systems of Florida, Inc. Appellee Weinberger testified that he met appellant in Miami on at least two occasions and that appellant represented that the energy saver system would save 25 to 40% in home energy consumption without a change in life-style; that he had a friend or relative who was a general in the armed forces; that because of his friend or relative he would shortly receive a large government contract for the sale of the home energy saving unit; and that he was in the process of spending one-half million dollars in television commercials promoting the home energy saver unit nationwide. Appellant also represented that sales of the units were going well in all other franchises and that he had franchises in Texas, New Jersey, Tennessee and North Carolina. Appellee testified that based on these representations he executed a franchise agreement, established an office in Palm Beach County and undertook to market the energy saver units. After six to seven months, appellee had sold only two units and closed his business.
Appellant admitted during trial that he owned only two franchises, one in North Carolina and one in Florida, that he did not have a friend or relative who was a general in the armed forces and helping him to obtain government contracts, that he did not spend one-half million dollars in nationwide television promotion and that he discovered that the energy saving device did not produce a 25 to 40% energy savings in the ordinary home.
Appellant contends the trial court erred either in failing to grant a directed verdict at the close of the plaintiffs' case on the issue of punitive damages, or in failing to enter a judgment notwithstanding the verdict on compensatory damages and punitive damages after the jury rendered its verdict. We find no merit in appellees' contention that appellant failed to properly perserve these points for appeal.
Our review of the record satisfies us that appellee presented sufficient evidence to support the award of the compensatory damages.
An aggrieved plaintiff may recover punitive damages if he demonstrates that the defendant acted outrageously.
Punitive or exemplary damages are allowable, however, solely as punishment or "smart money" to be inflicted for the malicious or wanton state of mind with which the defendant violated plaintiff's legal right, and can only be imposed in cases where either by direct or circumstantial evidence some reasonable basis for an inference of wantonness, actual malice, deliberation, gross negligence, or utter disregard of the law on defendant's part may be legitimately drawn by the jury trying the case.
Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 222-23 (1936).
This court applied the holding of Winn & Lovett Grocery Co. to a case where the trial judge instructed the jury that the plaintiff could recover punitive damages for fraud. We held that punitive damages are recoverable only against defendants whose conduct is particularly reprehensible.
Consequently, all causes of action sounding in fraud would therefore be amenable to claims for punitive damages. Obviously, this position is incorrect and cannot be reconciled with Florida law. Whether a fraudulent act is sufficiently outrageous so as to justify an award of punitive damages is a question for the jury... . It was error for the trial court to instruct the jury and authorize that a finding of fraud, in and of itself, may support an award of punitive damages.
Schief v. Live Supply, Inc., 431 So.2d 602, 603 (Fla. 4th DCA 1983).
An aggrieved plaintiff may recover punitive damages in a case of fraud, if the conduct in question is sufficiently outrageous. As we noted in Schief, whether the fraudulent act is sufficiently outrageous is a question for the jury. We reversed in Schief because the jury instructions compelled an award of punitive damages upon *1026 a finding of fraud, without separate consideration of the wantonness of the defendant's conduct. In the case sub judice, the trial court properly instructed the jury on the elements necessary to support an award of punitive damages. The jury found appellant's conduct sufficiently reprehensible to justify an award of punitive damages. We will not disturb this evidentiary conclusion by the jury. Dunn v. Shaw, 303 So.2d 6 (Fla. 1974).
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
ANSTEAD, C.J., and DOWNEY, J., concur.