GOLDMAN, M., Associate Judge.
Plaintiffs sued for damages received as a result of a dog bite. The first Count of a two count amended complaint sought damages pursuant to F.S. 767.04. The second count alleged Defendants’ negligent maintenance of their premises.
Defendants’ motion to dismiss Count II was granted without leave to amend. Defendant filed a motion for summary judgment as to Count I, which motion was granted and this appeal was then timely filed.
The facts of this case are unique. The day prior to the incident in question, Mr. Yorke spoke to Mrs. Noble via telephone to arrange for the Yorkes to visit Defendants home for business reasons. During the conversation, Plaintiff was advised that there was a “Beware of Bad Dog” sign on the front door of Defendants’ premises. Plaintiffs were also told to disregard the sign because the dog was secured. Defendant further stated that if she did not answer the front door she would be working in another structure behind the main house. Plaintiff was directed to follow a path around the house to that rear building.
When Plaintiffs arrived at Defendants’ home and received no answer to the door bell, they proceeded as per instructions, around the house to the rear. Defendants’ dog was in a fenced-in area behind the house. As Plaintiffs approached, the dog barked, growled and lunged at the gate which Defendants had left unsecured.[1] This caused the gate to open slightly and as Mrs. Yorke attempted to close the gate, the dog bit her finger which protruded inside the chain links.
At the hearing on Defendants’ motion for summary judgment, Plaintiff sought leave to amend which was denied.[2] The trial judge entered Final Summary Judgment against the Plaintiffs upon the authority of Belcher Yacht Inn v. Stickney, 450 So.2d 1111 (Fla.1984).
Procedurálly the trial court erred in denying Plaintiffs’ request for leave to amend. Jones v. City of Homestead, 408 So.2d 618 (Fla. 3rd D.C.A. 1981); Greenburg v. Johnston, 367 So.2d 229 (Fla. 2d D.C.A. 1979); Schurkman v. Stolar, 347 So.2d 653 (Fla. 3rd D.C.A. 1977); Bernard Marks & Associates v. Steele, 230 So.2d 42 (Fla. 3rd D.C.A. 1970). See also McClendon v. Key, 209 So.2d 273 (Fla. 4th D.C.A. 1968) wherein the court stated:
“Where on a motion for summary judgment matters presented indicate the unsuccessful party may have a cause of action or defense not pleaded, which would justify an amendment of the pleadings, such amendment should not be prevented by the entry of a final judgment_ Under such circumstances summary judgment should be denied and leave to amend should be granted.”
Plaintiff sought leave to sue the Defendant, Jerry Noble, upon a theory of common law liability as a property owner who did not own the offending canine.
*351 Since the strict liability of F.S. 767.04 is limited to the actual owner of the dog, such a cause of action would lie. Belcher Yacht Inc. v. Stickney, supra; Manucy v. Manucy, 362 So.2d 478 (Fla. 1st D.C.A. 1978). Accordingly, the trial court erred in granting summary final judgment and denying Plaintiffs request for leave to amend.
Substantively Plaintiffs urge that the doctrine of equitable estoppel bars Defendants reliance upon F.S. 767.04.[3]
The doctrine of equitable estoppel is based on public policy and is designed to promote justice. It may be applied “where the representations of one party reasonably lead another to believe in a certain state of affairs and in reliance on such representations the latter changes his position to his detriment.” Commerce National Bank v. Van Denburgh, 252 So.2d 267 (Fla. 4th D.C.A. 1971); Aetna Casualty & Surety Company v. Simpson, 128 So.2d 420 (Fla. 1st D.C.A. 1961).
When applied, equitable estoppel may preclude an otherwise good defense, in law as well as in equity. Commerce National Bank v. Van Denburgh, supra; United Contractors Inc. v. United Construction Corporation, 187 So.2d 695 (Fla. 2d D.C.A. 1966). It may further operate to extinguish a right or privilege conferred specifically by statute. 28 Am.Jur.2d ‘Estoppel and Waiver’ Sec. 34.
An equitable estoppel would be warranted by the facts of this case. Defendants misrepresented a material fact (that the dog was secure within an enclosure) which Defendants expected Plaintiffs to rely upon. Plaintiffs changed their position based upon the misrepresentation (came upon the premises) and were injured as a result. Whether or not Plaintiffs would have entered the premises but for the express representations of the Defend? ant is a factual question to be decided by a jury and not as a matter of law.
The trial judge based her decision upon the holding in Belcher. The Supreme Court’s opinion refers, indirectly, to the effects of an implied invitation by a landowner to an invitee to enter premises upon which a Bad Dog sign is posted. The decision does not decide, discuss or refer to a factual situation involving an express invitation by a dog owner.
We do not feel that the legislature intended to sanction express misrepresentations of fact, nor to immunize those whose misrepresentations cause injury from liability therefore.
The doctrine of equitable estoppel is deeply ingrained in our jurisprudence, and should not be abrogated except by specific legislative mandate. Neither F.S. 767.04 nor the decision in Belcher expressly eliminate the applicability of equitable estoppel, and we feel that the same is viable in an action under F.S. 767.04. Accordingly, we find the trial judge erred in entering final summary judgment for Defendants. We reverse and remand to the trial court.
We do recognize that this specific point has not been previously ruled upon, and consider it to be of great public importance. We therefore certify the following question to the Supreme Court:
“IS THE DOCTRINE OF EQUITABLE ESTOPPEL AVAILABLE TO AVOID THE EXEMPTION FROM LIABILITY CREATED BY F.S. 767.04.”
ANSTEAD, C.J., and GLICKSTEIN, J., concur.

. After the accident, Defendants stated that they had had a party the previous evening and had forgotten to lock the gate.

. Although the record fails to reflect whether or not Plaintiffs actively sought leave to amend Count II of the amended complaint, no leave was granted by the order.

. This specific proposition of law was not directly addressed by the Supreme Court in Belch-er.