476 So.2d 692 (1985)
FIRST INTERSTATE DEVELOPMENT CORP., Etc., et al., Appellants/Cross Appellees,
v.
Carlos M. ABLANEDO, et al., Appellees/Cross Appellants.
No. 84-46.
District Court of Appeal of Florida, Fifth District.
September 5, 1985.
Rehearing Denied October 10, 1985.
*693 John M. Starling and Richard E. Stadler of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellants/cross appellees.
Sam Baxter Bardwell and Kenneth A. Studstill of Studstill & Vance, Titusville, for appellees/cross appellants.
UPCHURCH, Judge.
Appellants, First Interstate Development Corporation, Ocean Woods, Inc., and Thomas Wasdin, et al., appeal from a final judgment awarding damages to appellees Carlos M. Ablanedo, et al.
Appellants were involved in the development and sale of a Cape Canaveral real estate project known as Ocean Woods. Appellees were unit owners. Appellees sued in eight counts which included breach of fiduciary duties, fraud, and conversion. The fraud count contained allegations of misrepresentations by appellants concerning *694 whether the entire development was "oceanfront," whether a nature trail and various recreational facilities would be provided, and whether the declaration of condominium restrictions could only be amended by a majority vote of the unit owners when, in fact, First Interstate Development had reserved a unilateral right to amend. The primary issue at the trial involved the fraud count[1] under which punitive damages had been sought. At the end of the trial, the court entered a directed verdict in favor of appellants on appellees' punitive damages claim.
The first question we address is whether the trial court erred in refusing to grant a directed verdict in regard to alleged misrepresentations concerning the nature trail.
Appellants admitted to promising a nature trail along the north boundary of the development. Construction on the trail began in 1978, but was stopped by the City of Cape Canaveral in 1980. A nature trail along the south boundary had existed since 1980, but had only been maintained since 1982.
To support an action for fraud, a representation of a future occurrence (the promise to build the nature trail at a future date) must be made either without any intention of performing it or with the positive intention not to perform it. Home Seekers' Realty Co. v. Menear, 102 Fla. 7, 135 So. 402 (1931); Bernard Marko & Assoc. v. Steele, 230 So.2d 42 (Fla.3d DCA 1970). Neither of these requirements was proven by appellees but, conversely, the evidence at trial established that appellants not only intended to construct the nature trail, but that they commenced construction until they were stopped by the City. While evidence on this failure to furnish the trail as promised may have been the basis for a breach of contract case, it does not in itself establish an intent to defraud. Accordingly, we find the intent necessary for establishing misrepresentation concerning the nature trail is lacking, but this finding has no effect on the remaining allegations. There was clearly sufficient evidence to support the jury's determination concerning the representation that the development was "oceanfront" and that various recreational facilities would be provided.
The second question we address is whether the court erred in allowing appellees to testify as to their property damages caused by the alleged misrepresentations. The rule has been established in Florida that an owner may testify as to the value of property which he owns. Hill v. Marion County, 238 So.2d 163 (Fla. 1st DCA 1970); Harbond, Inc. v. Anderson, 134 So.2d 816 (Fla.2d DCA 1961). See generally 31 Am.Jur.2d Expert & Opinion Evidence, § 142. The rule is based on the owner's presumed familiarity with the characteristics of the property, his knowledge or acquaintance with its uses and purposes, and his experience in dealing with it. Salvage & Surplus, Inc. v. Weintraub, 131 So.2d 515 (Fla. 1st DCA 1961).
The proper measure of damages in an action for fraudulent misrepresentation concerning real property is the difference between the actual value of the property and its value had the alleged facts regarding it been true. West Florida Land Co. v. Studebaker, 37 Fla. 28, 19 So. 176, 179 (1896). See also Kimmel v. Iowa Realty Co., Inc., 339 N.W.2d 374 (Iowa 1983). Since an agreed sales price made under false representations constitutes evidence of the value which the property would have if the representations were true, the proper test for measurement of damages was used below and there was no error in allowing appellees to testify about the value of their land. See Haynes v. Cumberland Builders, Inc., 565 S.W.2d 887 (Tenn. App. 1978).
*695 Although the proper test was used, appellants contend the jury's determination of the damages suffered must be reversed because the amount attributable to the nature trail cannot be separated from the damages resulting from the other misrepresentations. There were fifty individual plaintiffs, and a separate verdict form was used for each. Except for the name of the individual plaintiff, the operative portions of the verdicts were identical, and read: "We, the Jury, find for the plaintiff _____, Unit ____, and award damages in the amount of $ _______." Although the testimony of the plaintiffs differed on the degree of damage they attributed to the lack of a nature trail, in all instances the amount of the damage was minimal compared to what they perceived their damage to be because the project was not "oceanfront." Therefore, we have no way of knowing what, if any, weight the jury placed on the testimony regarding the nature trail. For all we know, they completely disregarded it. Because the evidence supports the verdicts as to the fraud allegations in the other respects, we will not set them aside because of speculation that the jury might have included damages for the nature trail. Had appellants wanted the jury to separately pass on the various fraud allegations, special verdict forms could have been submitted, but that was not done.
We have previously held that where a general verdict form is submitted to the jury without objection, reversal is improper where no error is found as to one of several issues submitted to the jury on which the verdict may be properly based. Middleveen v. Sibson Realty, Inc., 417 So.2d 275 (Fla. 5th DCA) rev. denied, 424 So.2d 762 (Fla. 1982); Rosenfelt v. Hall, 387 So.2d 544 (Fla. 5th DCA 1980). These cases follow the principles approved by the Florida Supreme Court in Whitman v. Castlewood Intern. Corp., 383 So.2d 618 (Fla. 1980) and Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977). The judgments for compensatory damages are hereby affirmed.
On cross appeal, appellees contend that the court erred in striking their claim for punitive damages. Punitive damages may be recovered if the plaintiff demonstrates that the defendant acted outrageously, Hutchens v. Weinberger, 452 So.2d 1024 (Fla. 4th DCA 1984), or where the tortious act complained of is fraudulent. Hutchens; Tinker v. DeMaria Porsche Audi, Inc., 459 So.2d 487 (Fla.3d DCA 1984); Walsh v. Alfidi, 448 So.2d 1084 (Fla. 1st DCA 1984). However, not every action sounding in fraud is amenable to punitive damages. Hutchens; Walsh; Schief v. Live Supply, Inc., 431 So.2d 602 (Fla. 4th DCA 1983). Rather, the rule is that whether a fraudulent act is sufficiently outrageous so as to justify an award of punitive damages is a question for the jury and not the trial judge. Hutchens; Walsh; Schief. See also Dunn v. Shaw, 303 So.2d 6 (Fla. 1974). Because there was evidence from which the jury could have concluded that appellants' representations were fraudulent (e.g., the statements that the project was "oceanfront") the court improperly struck the claim for punitive damages. As to the other questions raised both on appeal and cross appeal, we find no error. Accordingly, we remand this cause for a new trial on the issue of punitive damages only.
AFFIRMED in part, REVERSED and REMANDED in part, for further proceedings consistent with this opinion.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] Six of the counts were handled prior to trial by way of either summary judgment, stipulation or were withdrawn. The conversion count was tried, but the court granted a directed verdict for appellants.