PER CURIAM.
The defendant automobile dealer was found by the jury to be liable for civil theft[1] and fraud, having charged its customer for (a) replacement of two parts when it had only repaired the vehicle and not replaced the parts and (b) replacement of a third part which it neither replaced nor repaired. It assessed punitive damages of $25,000.00, which we affirm.[2] It also awarded compensatory damages of $3,847.75, of which $247.75 is explained by the charges for replacement of the same parts, and the balance ostensibly being for loss of use of the vehicle. We affirm only that portion of the compensatory damages which constituted an award of $247.75 for the parts charged and not replaced, there being no basis on the record for the additional $3,600.00. We remand with direction to correct the final judgment by reduction of the total thereof to $25,247.75.
HERSEY, C.J., and DOWNEY and GLICKSTEIN, JJ., concur.
On Motion for Rehearing
ORDERED that Appellee’s October 22, 1985 Motion for Rehearing is granted. The opinion of this Court of October 16, 1985 is amended to reflect that the final judgment is reduced to $25,743.25.

. See Roush v. State, 413 So.2d 15 (Fla.1982) for a discussion of the relevant statute and its application to consumer fraud. The standard of proof in such cases is a preponderance of the evidence. See Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157, 1163 (Fla. 3d DCA 1984).

. See Hutchens v. Weinberger, 452 So.2d 1024 (Fla. 4th DCA 1984), rev. denied, 459 So.2d 1040 (Fla.1984) for nondisturbance of an evidentiary conclusion on this question.