Stanley L. SHARP

v.

COOPERS & LYBRAND.

Civ. A. No. 75–1313.

United States District Court,
E. D. Pennsylvania.

Feb. 19, 1976.

Jeffrey B. Albert, Mann & Ungar, P.A., Philadelphia, Pa., for plaintiff.

Matthew J. Broderick, Richard S. Seltzer, Dechert Price & Rhoads, Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

This action alleges violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1970) and rule 10b–5 promulgated thereunder by the Securities and Exchange Commission. The complaint also has two pendent counts based on fraud and failure to exercise due care. Plaintiff has moved for class action certification. We will grant the motion.

Westland Minerals Corporation ("WMC") was the promoter of a venture in which multiple limited partnerships were formed whose purpose was to drill for oil and gas. WMC sold interests in each of these partnerships from July 22, 1971 through early July, 1972.

Each limited partnership was to spend $140,000 on drilling and developing a well. Of this amount, $65,000 was to be raised from contributions by investors in the partnership, the balance from "suitable banks or other lending institutions." Plaintiff purchased a ⅛ share in a partnership at a cost of $8,175. According to an affidavit filed by an SEC investigator in *SEC v. Westland Minerals Corporation,* Civil No.

72–2337 (E.D.Pa.), there were 283 investors who contributed a total of $3,472,608 to the development of some 59 oil and gas wells.

Plaintiff alleges that the primary feature of the WMC investment was its tax shelter aspect. According to plaintiff, WMC's sales promotion was based on the claim that because of favorable tax treatment, the investor was risking none of his own money.[1] As an auxiliary to its sales presentation, WMC and its salesmen used a tax opinion letter issued by defendant. The opinion letter by defendant deals with the tax treatment of certain "unverified facts" which had been supplied to Coopers & Lybrand by WMC. Plaintiff alleges that this opinion letter was materially false and misleading because of a number of omissions and misrepresentations therein.

Plaintiff seeks to represent a class of all persons "who purchased on and after July 22, 1971, limited partnership interests in a tax shelter program relating to oil and gas wells, known as the 1971 WMC Ohio Producers' Limited Partnerships."

Rule 23(a) of the Federal Rules of Civil Procedure permits maintenance of an action as a class action when:

"(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly protect the interests of the class."

Rule 23(b)(3) adds the further requirements that the common questions predominate over questions affecting only individual members of the class and that the class action procedure is preferable to any other methods for the "fair and efficient adjudication of the controversy." Defendant vigorously argues that plaintiff has not met these standards.

Preliminarily we note that suits attempting to redress alleged violations of rule 10b–5 may be particularly appropriate for maintenance as class actions. Often the individual injury suffered will not justify the expense of litigating what are often complex facts and difficult issues of law. *See Green v. Wolf Corp.,* 406 F.2d 291, 296–97 (C.A. 2, 1968), *cert. denied,* 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969). The class action mechanism not only provides an economical means of redress for those wronged, but also serves to conserve valuable judicial resources.

### A. Numerosity

Plaintiff alleges in his complaint that there are between 200 and 300 members in the class he seeks to represent. This allegation is supported by an affidavit filed by an SEC investigator in *SEC v. Westland Minerals Corp., supra,* which states that there were 283 investors in the WMC Ohio 1971 program. For the purposes of this motion, we accept plaintiff's corroborated allegation.

Defendant argues that there can be only eight members of the class since plaintiff purchased a ⅛ share and presumably seven other investors purchased the remainder. We find this argument meritless as well as disingenuous. Defendant's opinion letter itself clearly recognized that WMC would create multiple limited partnerships as part of its program. The letter was for general application to all of them.

We are therefore convinced that joinder of all parties would be impracticable and that the numerosity requirement is met. *Cannon v. Texas Gulf Sulphur Co.,* 47 F.R.D. 60, 63 (S.D.N.Y.1969); *Fidelis Corp. v. Litton Industries, Inc.,* 293 F.Supp. 164, 170 (S.D.N.Y.1968).

### B. Common Questions and Their Predominance

Rule 23(a)(2) requires that there be questions of law or fact common to the class,

---

1. The affidavit in *SEC v. Westland Minerals Corp.,* Civil No. 72–2337 (E.D.Pa.), a related case, states: "[T]he salesmen would tell the potential investor that [the promoters] had for their consideration a program featuring a 200% tax write-off which means that the investor would be using strictly tax dollars if he was in the 50% tax bracket."

and rule 23(b)(3) contains the further requirement that these common questions predominate over any questions which are applicable only to individual class members. *See Fisher v. Kletz,* 41 F.R.D. 377, 380 (S.D.N.Y.1966).

Defendant argues that common questions do not predominate because each plaintiff will have to prove personal reliance as an element of his or her claim. Such proof, it argues, prevents plaintiff from meeting the common question requirement. While the requirement of proof of reliance is not totally free from doubt,[2] in this circuit, with two exceptions, it would appear that proof of "reliance is necessary under rule 10b–5." *Landy v. Federal Deposit Insurance Corp.,* 486 F.2d 139, 170 (C.A. 3, 1973), *cert. denied,* 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974).

■ One of the two exceptions to the reliance requirement arises when the defendant fails to disclose material facts which it has a duty to disclose (nondisclosure). *Rochez Brothers Inc. v. Rhoades,* 491 F.2d 402 (C.A. 3, 1974). The other exception occurs when the misrepresentation is contained in documents "prepared for or disseminated to the public or the stockholders." *Landy, supra,* 486 F.2d at 170; *see Kohn v. American Metal Climax, Inc.,* 458 F.2d 255, 269 (C.A. 3), *cert. denied,* 409 U.S. 874, 93 S.Ct. 120, 34 L.Ed.2d 126 (1972); *Dorfman v. First Boston Corp.,* 62 F.R.D. 466, 476–77 (E.D.Pa.1974). Where either one of these exceptions applies and there is a showing of materiality, the plaintiff is entitled to a rebuttable presumption of reliance. *Rochez Brothers Inc. v. Rhoades, supra,* at 410; *Landy, supra,* at 170.

While plaintiff and defendant are at issue over whether defendant's opinion letter comes under either of the exceptions, this is an issue we need not, and do not, decide at this early juncture.[3]

The central issue in this case, common to the class which plaintiff seeks to represent, is whether the statements and omissions made in defendant's opinion letter are materially false and/or misleading. *See Dorfman v. First Boston Corp., supra,* at 474.

■ If at trial it is determined that individual proof of reliance is required in this case because it does not fall within either of the two enunciated exceptions, then separate hearings can be held to determine which members of the class in fact relied on defendant's letter. This is the approach which the vast majority of courts faced with this problem have advocated. *See, e. g., Green v. Wolf Corp., supra,* at 301; *Entin v. Barg,* 60 F.R.D. 108, 112–13 (E.D.Pa. 1973); *In Re Penn Central Securities Litigation,* 347 F.Supp. 1327, 1344–45 (E.D.Pa. 1973), *aff'd,* 494 F.2d 528 (C.A. 3, 1974). While this would be an issue individual to each plaintiff, if is insufficient to prevent plaintiff from meeting the common questions requirements. Rule 23(b)(3) only requires a predominance of common questions, not a unanimity of them. To deny class action status because of the reliance requirement would in large part eviscerate the policies served by rule 10b–5. *Green v. Wolf Corp., supra,* at 301.

■ If, on the other hand, it is established that this is a case where a presumption of reliance arises, then a showing of materiality, a question common to the class, would be sufficient. *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 153–54, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972); *Rochez Brothers, Inc. v. Rhoades, supra,* at 408. There might, of course, remain the necessity for individual determinations regarding those plaintiffs for whom defendant seeks to rebut the presumption of reliance. But this necessity does not alone preclude the presence of common questions and their predominance.

---

2. *See Note, The Reliance Requirement in Private Actions Under SEC Rule 10b–5,* 88 Harv. L.Rev. 584 (1975).

3. An analysis of plaintiff's theories of liability reveals a number of nondisclosure claims as well as misrepresentation claims. Which of these, if any, he will ultimately be able to prevail on at trial we have no way of knowing. Similarly, whether defendant's letter is one which was "prepared for or disseminated" to the investing public is a question which will have to await trial.

In any case, the determination of whether each member of the class must prove reliance is itself a question common to the class. *See Gold v. DCL Inc.*, 399 F.Supp. 1123, 1129 (S.D.N.Y.1973).

Recent responses to interrogatories have demonstrated that plaintiff never saw defendant's opinion letter before the institution of this lawsuit. Plaintiff's answers state that he became aware of the contents of these letters through oral statements made to him by one of WMC's salesmen and by another investor in the program. Defendant argues that because oral representations are involved, this is a particularly inappropriate case for class action status. "The propriety of a class action when misstatements are oral is generally considered to be doubtful." 6 L. Loss, *Securities Regulation* 3497–50 (2d ed. 1969 supp.). *See also Stevens v. Woodstock*, 372 F.Supp. 654, 656–57 (N.D.Ill.1974); *Morris v. Burchard*, 51 F.R.D. 530, 535 (S.D.N.Y.1971); *Moscarelli v. Stamm*, 288 F.Supp. 453, 462 (E.D.N.Y.1968).

■ This argument we think misses the mark. It may have merit where the suit is founded on oral representations. But that is not this case. The representations on which plaintiff's suit is based were written. They were those which were contained in the opinion letter. The oral statements were nothing more than the means by which the written contents of defendant's letter were conveyed to plaintiff. The statements in the opinion letter are common to all members of the class, although the class members may have learned of them in a contrariety of ways. The oral statements are only relevant, if at all, on the question of reliance.[4] If separate hearings are ultimately required on the issues of reliance and/or damages, some additional time and effort will be required because of the oral statements, but it should not be overwhelming. In any case, with the presence of a common core which predominates, considerations of judicial efficiency and economy, overall expense and uniformity will be furthered by permitting this case to proceed as a class action. *See, e. g., Lamb v. United Security Life Co.*, 59 F.R.D. 25, 39 (S.D.Iowa 1972). If plaintiff's case is as weak as defendant insists,[5] then this case provides it an economical vehicle for establishing its innocence as to all members of the class. For it is only if plaintiff prevails on all of the common issues that the need will arise for split trials on whatever individual issues remain. *See Frankel*, Some Preliminary Observations Concerning Civil Rule 23, 43 F.R.D. 39, 47 (1967).

### C. Typicality and Fair Representation

■ It has frequently been suggested that the typicality requirement of rule 23(a)(3) is "ambiguous," or even that it adds nothing to the other requirements of rule 23. *E. g., Fox v. Prudent Resources Trust*, 69 F.R.D. 74 (E.D.Pa.1975); 3B J. Moore, *Federal Practice* ¶ 23.06–2 (2d ed. 1975). However, whether derived from rule 23(a)(3) or the fair representation standard of 23(a)(4), a further requirement is that the claims of the representative be co-extensive with the claims of the class. *State of Minnesota v. United States Steel Corp.*, 44 F.R.D. 559, 566 (D.Minn.1968) (citing cases). In the instant case we are satisfied that plaintiff meets this standard for the class which he seeks to represent.

■ While plaintiff stands in a slightly different posture from those who actually received defendant's opinion letter before purchasing, this does not affect the typicality of his claims. For if proof of reliance is required, plaintiff will attempt to prove his

---

4. Absent a conspiracy, only truthful representations made to plaintiff by others about the contents of defendant's letter would be relevant to the question of reliance. To the extent that plaintiff relied on false or misleading statements about what was contained in defendant's opinion letter, this would not be sufficient to prove reliance as to that letter.

5. A question which is irrelevant to a motion for class action status. *Eisen v. Carlisle & Jacquelin (Eisen IV)*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Kahan v. Rosenstiel*, 424 F.2d 161, 169 (C.A.3), *cert. denied*, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970).

reliance based on the oral representations made to him,[6] while others will attempt to prove their reliance by having received and read defendant's opinion letter. In any case, as we pointed out in *Dorfman v. First Boston Corp., supra,* at 478, we do not consider a motion for class determination to be the proper forum to examine the sufficiency to the individual claims of the named plaintiff. *See Kahan v. Rosenstiel,* 424 F.2d 161, 169 (C.A.3), *cert. denied,* 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970); *B & B Investment Club v. Kleinert's Inc.,* 62 F.R.D. 140, 144 (E.D.Pa.1974).

█ In addition to the typicality standard, plaintiff must meet the adequate representation requirement of rule 23(a)(4). This is met if the court is convinced that plaintiff and his counsel will adequately and vigorously prosecute the action and if there is no conflict of interest between the class representative and the rest of the class. *Dorfman v. First Boston Corp., supra,* at 473; *Dolgow v. Anderson,* 43 F.R.D. 472, 494 (E.D.N.Y.1968); 3B J. Moore, *Federal Practice* ¶ 23.07 (2d ed. 1969).

Defendant argues that plaintiff's failure to name as defendants in this case the promoters of the WMC partnership scheme compels the conclusion that plaintiff will not adequately represent the interests of the class. We find this contention without merit. Plaintiff is surely entitled to exercise some discretion in deciding which defendants to sue. *See Dorfman v. First Boston Corp., supra,* at 474. We are satisfied that plaintiff meets the requirements of rule 23(a)(4).

For all of the foregoing reasons, we are convinced that a class action is the best method for adjudication of these claims. Allowing this case to proceed as a class action will minimize the overall burden on both defendant and the plaintiff class, as well as the court.

---

**6.** If in fact the oral statements made to plaintiff about defendant's letter influenced his decision to invest, we see no reason why this will not satisfy the reliance requirement. There is no qualitative difference between visual apprehension of false written representations and aural acquisition of true statements concerning the contents of the same false written representations. And we do not think this fact is changed because the (presumably accurate, *see* note 4, *supra,*) oral representations about defendant's letter were made by persons other than defendant. *Cf. Dorfman v. First Boston Corp.,* 62 F.R.D. 466, 478 (E.D.Pa.1974).