403 So.2d 1367 (1981)
Jesse B. VANCE, Jr., Brenda Vance and Robert Hartleb, Appellants,
v.
INDIAN HAMMOCK HUNT & RIDING CLUB, LTD., Appellee.
No. 80-1682.
District Court of Appeal of Florida, Fourth District.
September 23, 1981.
*1368 Charles R. Gardner of Gardner, Shelfer, Mendelson, Duggar & Thompson, Tallahassee, for appellants.
Ted R. Brown and Scott J. Johnson of Maguire, Voorhis & Wells, P.A., Orlando, for appellee.
OWEN, WILLIAM C., Jr., (Retired) Associate Judge.
Plaintiffs, land purchasers claiming to have been defrauded by the developer, appeal from an adverse final judgment entered after the court had granted the defendant's motion for involuntary dismissal made at the close of the plaintiffs' case in chief during a non-jury trial. We reverse and remand for a new trial.
Defendant's development, registered with the Division of Florida Land Sales pursuant to Chapter 498, Florida Statutes, is a private, family oriented planned recreation development consisting of 299 platted lots of two and one half acres each for private homesites, with the remaining 2,600 acres being common area for use by all residents. The plaintiffs each purchased and own one or more lots in the development.
Subsequent to the purchase of their respective lots, plaintiffs filed this lawsuit. Initially filed as a multi-count class action, it ultimately went to trial as a suit on behalf of the named plaintiffs on Counts III and VII only. Count III alleged, in essence, that defendant had advertised and represented that improvements to be completed within the subdivision would include a "spacious hunting lodge in excess of 12,000 square feet",[1] a "duck pond" and other improvements, *1369 and that the entire subdivision would be surrounded with "a very strong perimeter fence" for security purposes; that none of these improvements had been completed; that the representations or advertisements were made by the defendant with the intention that plaintiffs rely on them, the defendant knowing that such representations or advertisements were false and were violations of the Florida Uniform Land Sales Practices Law; that plaintiffs, believing the representations and advertisements to be true, relied on them in entering into the contracts for purchase of lots; and that plaintiffs had suffered damages as a result. The relief sought was a judgment for specific performance of all obligations to construct the promised improvements and to maintain the common area, together with attorneys fees. Count VII realleged the same matters as common law fraud in inducement and sought relief in the form of compensatory and punitive damages, together with attorneys fees.
The court's order on pretrial conference required plaintiff to furnish to the court, prior to trial, citations to the appropriate sections of the statutes pursuant to which the suit was brought. In responding, plaintiff cited not only to Chapter 498, Florida Statutes, which had been specifically pleaded, but also to Sections 817.40 and 817.41,[2] Florida Statutes, which had not been pleaded.
At the commencement of the trial, the court ruled that plaintiffs could not maintain a cause of action under Section 817.41(1), Florida Statutes,[3] because (1) plaintiffs had not specifically pleaded the statute in the complaint, (2) had it been pleaded, plaintiffs would still have had to prove all of the elements of common law fraud in inducement, including reliance, and (3) in any event, Section 817.41(1), Florida Statutes, (as applied to sales advertisement of land registered pursuant to Chapter 498, Florida Statutes) had been preempted by the provisions of Chapter 498, Florida Statutes.
This ruling, as well as two of the three reasons for it, was in error. First, while it would be better pleading practice, plaintiffs were not required to specifically designate or refer to Section 817.41(1), Florida Statutes in order to maintain an action under it, so long as they pleaded sufficient facts to bring the allegations of the complaint within the statute. See, City of Lakeland v. Select Tenures, Inc., 129 Fla. 338, 176 So. 274 (1937). Second, plaintiffs were not precluded from maintaining this action under Section 817.41(1), Florida Statutes due to any preemption by Chapter 498, Florida Statutes. The statutes are not inconsistent or repugnant to one another. We find no express legislative intent that Chapter 498, Florida Statutes, repeals Section 817.41(1), Florida Statutes, and repeal by implication is not favored. Mann v. *1370 Goodyear Tire and Rubber Company, 300 So.2d 666 (Fla. 1974). However, the trial court quite properly determined that one seeking to maintain a civil action for violation of Section 817.41(1), Florida Statutes, must, in order to recover damages, prove each of the elements of the common law tort of fraud in inducement (discussed infra), which would include not only reliance, but also detriment. This is so despite the fact that the state, in charging a crime under Section 817.41(1), Florida Statutes, need not prove either reliance or detriment in order to obtain a conviction. Major v. State, 180 So.2d 335 (Fla. 1965). The reason is that in the criminal case the wrong for which public vindication is sought is the knowing making or dissemination of the false or misleading advertising with the intent or purpose of inducing a member of the public to enter into some obligation relating to the property or the services being advertised. The offense occurs irrespective of reliance by or detriment to a member of the public. On the other hand, one who seeks by civil suit to vindicate a violation of the statute as a private wrong must show that the wrong was the proximate cause of his injury or damage, and proof of reliance is necessary in order to prove the causal connection.
At the close of the plaintiff's case in chief, the court granted defendant's motion for involuntary dismissal on the grounds that: (1) as to the action for common law fraud, there was no proof of the essential element of reliance, and the only evidence of false statement or misrepresentation of fact pertained to a promise to do something in the future, (2) the absence of proof of reliance was also fatal to plaintiffs' cause of action under Section 498.061(1), Florida Statutes,[4] (3) the evidence did not show any violation of Section 498.023(2), Florida Statutes,[5] and (4) the more credible evidence established that the common area had been properly maintained. Plaintiffs attack this ruling on several grounds.
First, plaintiffs assert that reliance is not an essential element of a cause of action under Section 498.061(1), Florida Statutes, for a subdivider's untrue statement of a material fact made in disposing of any interest in subdivided lands or in a registration statement or public offering statement. We disagree. While at first blush the wording of the statute might make it appear that proof of lack of reliance is an affirmative defense, the burden of proof of which would be on the subdivider, we think, upon reflection, that logic and reason place on the plaintiff the burden to show reliance, failure of which would be fatal, as the court held in this case.
Our attention has not been called to any reported cases construing this particular statutory provision. Plaintiffs and defendant agree that this statute was modeled after Section 410(a) of the Uniform Securities Act, the interpretation of which is helpful. The trial court, in making its ruling, relied upon the case of S & F Supply Company v. Hunter, 527 P.2d 217 (Utah 1974), which was concerned with Section 410(a)(2) of the Uniform Securities Act. In the cited case, the Utah court, after noting that the statute only provided a remedy for the falsity of a "material" fact, stated, at page 221:

*1371 In that regard, some notice should also be taken of the fact that the statute gives a remedy only for falsity of a "material" fact or omission. That also seems to import some objective standard of reliance, because the determination of whether a fact is "material" can only be made in the frame of reference of the definition of what a material fact is: that is, it must be something which a buyer or seller of ordinary intelligence and prudence would think to be of some importance in determining whether to buy or sell.
We are persuaded that the reasoning of the Utah court is logical, and we therefore conclude that in order for a fact to be a "material" fact (in a statement alleged to be untrue) the party claiming to have sustained loss, injury, or damage has the burden to show reliance upon the untrue statement.
Plaintiffs next claim that the court erred in ruling that there was no proof of reliance. We agree. Coming, as it did, at the close of the plaintiffs' case in chief in a non-jury trial, defendant's motion for involuntary dismissal precluded any weighing of the credibility or probative value of the evidence, restricting the trial court solely to a determination of whether the evidence, viewed in a light most favorable to the plaintiffs, presented a prima facie case. Tillman v. Baskin, 260 So.2d 509 (Fla. 1972); Curls v. Tew, 346 So.2d 1242 (Fla.1st DCA 1977).
Mr. Vance and Mr. Hartleb each testified that he had purchased one or more lots in the development in reliance upon the statements contained in the sales brochure, as supplemented by oral statements made by defendant's salesman, Mr. Reiss. Both of these plaintiffs had visited the property before purchasing, and the principal theory of their case, as well as the principal thrust of their testimony, was to the effect that each had been induced to purchase his lots on the basis of statements and representations made to him as to improvements which were to be made in the future. Mr. Reiss corroborated the plaintiffs' testimony in this respect.
The existence of evidence tending to show reliance on plaintiffs' part was confirmed by the trial court itself, when, after Mr. Vance and Mr. Hartleb had each testified, plaintiffs moved for leave to amend the complaint "to conform to the evidence," particularly to allege that the plaintiffs had relied on the sales brochure. In response to that motion, the court stated: "The evidence clearly shows that they relied on that."
At the time of ruling on defendant's motion for involuntary dismissal, the court either failed to adequately recollect the existence of evidence touching on the subject of plaintiffs' reliance, or the court impermissibly weighed the evidence at that point.[6]
Next, plaintiffs claim that the court erred in ruling that they had not shown evidence of a false statement of fact, another essential element of common law fraud.[7] True, the only evidence tending to show a false statement of fact were the representations concerning improvements to be made to the property in the future. The trial court applied the general rule, i.e., that a false statement of fact, to be a ground for fraud, must be of a past or existing fact, not a promise to do something in the future. See 27 Fla.Jur.2d, Fraud and *1372 Deceit, § 24, and cases cited therein. However, the cases recognize an exception where the promise to perform a material matter in the future is made without any intention of performing or made with the positive intention not to perform. Home Seekers' Realty Co. v. Menear, 102 Fla. 7, 135 So. 402 (1931); Gottsch v. Walker, 376 So.2d 879 (Fla.1st DCA 1979). The plaintiffs' evidence, viewed most favorably to them, would sustain a factual finding that defendant made false promises with no intention of performing, or with the positive intention not to perform, thereby bringing this case within the above recognized exception. The truth of these matters will be determined by the trier of fact when, procedurely, the case is ripe for consideration of the credibility and probative value of the evidence.
Plaintiffs claim that the court erred in holding that there was no legal basis for recovery of punitive damages by plaintiffs. Here, because the court granted the defendant's motion for involuntary dismissal, there was no necessity to consider damages. Nonetheless, on the retrial of this matter, that issue may again arise. By statute, punitive damages (in addition to actual damages proven) are allowable for a violation of Section 817.41, Florida Statutes. Likewise, punitive damages are recoverable in an action for fraud in inducement. Ashland Oil, Inc. v. Pickard, 269 So.2d 714 (Fla.3d DCA 1972). Punitive damages are justified where torts are committed with fraud, actual malice, or deliberate violence or oppression, or when the defendant acts wilfully, or with such gross negligence as to indicate a wanton disregard of the rights of others. Winn & Lobett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936). But, cf., Dunn v. Shaw, 303 So.2d 6 (Fla. 1974).
Plaintiffs' remaining points are without merit and do not require discussion.
REVERSED AND REMANDED.
BERANEK, J., and GREEN, OLIVER L., Associate Judge, concur.
NOTES
[1] Amended at trial to "a spacious hunting lodge to look like the artist's conception in the Sales Brochure."
[2] The relevant portions are Section 817.40(5) and Sections 817.41(1) and (6) as follows:

Section 817.40(5)  The phrase "misleading advertising" includes any statements made, or disseminated, in oral, written or printed form or otherwise, to or before the public, or any portion thereof, which are known, or through the exercise or reasonable care or investigation could or might have been ascertained, to be untrue or misleading and which are or were so made or disseminated with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property, services of any nature whatever, professional or otherwise, or to induce the public to enter into any obligation relating to such property or services. Section 817.41(1)  It shall be unlawful for any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement. Such making or dissemination of misleading advertising shall constitute and is hereby declared to be fraudulent and unlawful, designed and intended for obtaining money or property under false pretenses. Section 817.41(6)  Any person prevailing in a civil action for violation of this section shall be awarded costs, including reasonable attorneys fees, and may be awarded punitive damages in addition to actual damages proven. This provision is in addition to any other remedies prescribed by law.
[3] Although Section 817.41(1), Florida Statutes, is penal in character, it is the type of penal statute the violation of which affords civil relief. See Rosenberg v. Ryder Leasing, Inc., 168 So.2d 678 (Fla.3d DCA 1964). Section 817.41(6), Florida Statutes, confirms this conclusion.
[4] Section 498.06(1), Florida Statutes:

Any subdivider who disposes of any interest in subdivided lands in violation of s.498.023, or who in disposing of any such interest makes an untrue statement of a material fact, or who in a registration statement or public offering statement makes an untrue statement of a material fact or omits a material fact required to be stated therein is liable as provided in this section to the purchaser unless, in the case of an untruth or omission, it is proved that the purchaser knew of the untruth or omission, that the subdivider did not know and in the exercise of reasonable care could not have known of the untruth or omission, or that the purchaser did not rely on the untruth or omission.
[5] Section 498.023(2), Florida Statutes:

No person may dispose of, or participate in the disposition of, any interest in subdivided lands unless a current public offering statement is delivered to the purchaser prior to the disposition, and the contract used contains a provision which authorizes any party thereto to cancel the agreement without cause within 72 hours after execution by the purchaser.
[6] the court may have weighed the evidence, because although both Mr. Vance and Mr. Hartleb each testified that defendant had failed to adequately or properly maintained certain parts of the common area, one of the reasons advanced by the court in granting defendant's motion for involuntary dismissal was that "the court finds from the totality of the credible evidence that the common areas have been properly maintained... .
[7] The elements of common law fraud are set forth in Poliakoff v. The National Emblem Insurance Company, 249 So.2d 477 (Fla.3d DCA 1971), as follows:

(1) A false statement of fact; (2) known by the defendant to be false at the time is was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage to the plaintiff.