454 So.2d 783 (1984)
John EBELING, Margot Brady, F/K/a Margot Ebeling, and Martha Eckert, F/K/a Martha Ebeling, Appellants,
v.
Elmer G. VOLTZ and Margaret Voltz, Appellees.
No. 83-2624.
District Court of Appeal of Florida, Fourth District.
August 29, 1984.
*784 Alvin Capp of Capp, Reinstein, Kopelowitz & Atlas, P.A., Fort Lauderdale, for appellants.
M. Daniel Hughes of Chappell & Brandt, P.A., Fort Lauderdale, for appellees.
GLICKSTEIN, Judge.
This is a timely appeal from a final judgment dismissing with prejudice appellant's complaint. We reverse and remand.
The bare bones undisputed facts are as follows: Decedent married Voltz in 1967, the couple executing an antenuptial agreement in which Voltz agreed that decedent's property would remain with her children after her death. In 1977, however, decedent executed a will leaving the bulk of her estate to Voltz. This will was offered for probate upon her death in 1979 and accepted without any contest. Decedent's children, appellants here, acknowledge that they received notice of the probate and were aware of the will's content.
In 1983, appellants filed suit against Voltz, alleging that Voltz made certain fraudulent statements inducing them not to contest the will and seeking relief therefor. Voltz moved to dismiss their complaint on the ground that they failed to exhaust their probate remedy, thus barring them from collaterally attacking, under Section 733.103, Florida Statutes (1983). The trial judge granted this motion, dismissing the complaint with prejudice, and appellants pursue this appeal.
For purposes of review of an order granting a motion to dismiss, the following facts alleged by appellants must also be considered true. Appellants say that their mother executed a will in 1972 which left her estate to them, and that the 1977 will was invalid because their mother had become incompetent by that time, suffering from Alzheimer's disease. They further claim that Voltz induced them not to contest the will by telling them that they would get their mother's assets despite its provisions, knowing that they would rely on this representation.
The issues on appeal are as follows:

*785 I. Whether the facts alleged present a cause of action cognizable by a court. We conclude they did.
II. Whether Section 733.103(2), Florida Statutes is an unconstitutional infringement on the Supreme Court's power to promulgate rules of procedure. We conclude it is not.

I
There has been little case law illuminating Section 733.103(2), Florida Statutes (1983), so we must rely heavily on DeWitt v. Duce, 408 So.2d 216 (Fla. 1981), to interpret its application to the instant situation. The facts in DeWitt were that the testator revoked a previous will and replaced it with a will less favorable to the appellants and more favorable to the appellees, who, according to appellants, exercised undue influence over the testator. Appellants originally intended to contest this will, but dismissed their petition and the will was duly probated. Later, they tried to file an action for wrongful interference with an inheritance in federal court. That court certified the question of whether such a suit was barred by Section 733.103(2) to the Florida Supreme Court, and the answer is the DeWitt opinion.
Section 733.103(2), Florida Statutes, both in 1977 and presently, provides that the probate of a Florida will shall be conclusive of the testator's competence in any collateral action relating to property devised by the will. Thus, the first question, as recognized and explored in DeWitt, is whether the attack is collateral to the will or an independent action. From the cases cited, the DeWitt court determined that an attack is considered collateral if there would have been adequate relief in the probate proceeding. In DeWitt, the appellants/plaintiffs had a prior will which they could have offered, in addition to testimony attacking the later will for lack of capacity and undue influence. It rejected the idea that punitive damages could affect the adequacy of the relief because they are not a valid expectation. Accordingly, the court found that there was an adequate remedy in probate which appellants had failed to pursue, barring them from collateral attack by the limitation in Section 733.103(2).
DeWitt would appear to be dispositive of this case; however, the opinion contains language that a later action might be allowed where "the circumstances surrounding the tortious conduct effectively preclude adequate relief in the probate court." 408 So.2d at 219. Extrinsic fraud, or in other words, fraud alleged in the prevention of the will contest, as opposed to in the making of the will, would appear to be the type of circumstance that would preclude relief in the probate court. Fraud can consist of a promise to perform a material matter in the future, if at the time the promise is made, the promisor had no intention of performing. Vance v. Indian Hammock Hunt & Riding Club, Ltd., 403 So.2d 1367, 1371-72 (Fla. 4th DCA 1981). Appellants have alleged that this was the case in their complaint, and we accept the truth of this allegation for purposes of this appeal.
The cases cited and discussed in DeWitt fall in with the theory that an attack to probate is not impermissible where fraud or other circumstances prevented contestants from having their day in court. In the instant case, the facts alleged by appellants and accepted as true for purposes of the motion to dismiss indicate fraud on appellants, preventing them from litigating the incapacity claim. This case therefore falls into the category of cases that DeWitt considers outside the purview of Section 733.103(2), Florida Statutes.

II
By the very cases cited by appellants' briefs, procedural rules are those governing the way in which parties present their cases in court. The instant statute, on the other hand, relates to a preclusion of a remedy, in which the legislature had made a policy decision regarding the merits of allowing continuing litigation over wills. This is a decision going to parties' rights, *786 not to the means through which they will be implemented, so the law is substantive and not procedural. No procedure, no conflict.
DOWNEY and DELL, JJ., concur.