Edgar KASER & Others, Plaintiffs,

v.

Richard R. SWANN & Others,
Defendants.

No. 90–0607–CIV–ORL–18.

United States District Court,
M.D. Florida,
Orlando Division.

Aug. 20, 1991.

**338**

Michael J. Pucillo, Wendy H. Zoberman, Greenfield & Chimicles, West Palm Beach, Fla.; and Nicholas E. Chimicles, Greenfield & Chimicles, Haverford, Pa., for plaintiffs.

David Bilbrey King, Mayanne Downs, John F. Tannian, King & Blackwell, P.A., Orlando, Fla.; J. Lester Kaney, Cobb Cole & Bell, Daytona Beach, Fla.; Gregory A. Presnell, Akerman, Senterfitt & Eidson; Keith Randolph Mitnik, John Milton Robertson, Robertson, Williams, Mitnik & McDonald, P.A.; Eli Harold Subin, Subin, Shams, Rosenbluth & Moran, P.A.; Richard Donald Connor, Jr., Richard Henry Adams, Jr., Pleus, Adams & Spears, P.A.; David A. Baker, Jon Martin Wilson, Foley, Ladner, Vandenberg, Gay, Burke, Wilson & Arkin, Orlando, Fla.; and Marvin E. Barkin, Stanley Theodore Padgett, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Tampa, Fla., for defendants.

## ORDER

G. KENDALL SHARP, District Judge.

Plaintiffs move for class certification. Defendants oppose the motion. Based on an examination of the relevant law, the court denies plaintiffs' motion.

### I. Facts

In May 1988, American Pioneer Savings Bank issued unsecured subordinated capital notes. American Pioneer offered the notes to obtain financing to meet federal regulations. The bank sold the notes in the lobbies of its branch offices to its existing customers and to anyone else who inquired about the notes. A prospectus disclosing financial information about American Pioneer was available for those who expressed an interest in purchasing the notes. Bank employees personally met with the potential customers to further encourage them to buy the notes. In some instances, the American Pioneer employees initiated the contact with the purchasers. Some customers bought the notes without ever having seen the prospectus. Despite the sale of the notes and other assets, American Pioneer's financial situation declined. The bank failed to meet federal regulatory requirements for available capital and, in May 1990, the Office of Thrift Supervision notified American Pioneer that it had been

placed under the conservatorship of the Resolution Trust Corporation.

Plaintiffs are suing to rescind the purchase of the defaulted notes. They claim American Pioneer fraudulently conveyed to the public that it was financially stable. They contend that had they known of American Pioneer's financial difficulties they would not have purchased the notes. Plaintiffs bring two federal claims of fraud and misrepresentation against defendants: violation of Section 12(2) of the Securities Act, 15 U.S.C. § 77*l*(2) (1988) (referred to as 12(2)); and violation of Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b) (1988), 17 C.F.R. § 240.10b–5 (1990) (referred to as 10b–5). Plaintiffs also seek recovery on three state claims: violation of Florida Statute § 517.12 (1989 & Supp. II 1990) for the sale of securities by an unregistered dealer, violation of Florida Statute § 817.41 (1989) for misleading advertising, and breach of fiduciary duty. Plaintiffs have requested that all five counts be certified as a class action. Documents 1, 33, 35. Plaintiffs have moved for leave to file an amended complaint in which they have added a new defendant and a new count against that defendant. Document 88. The amended complaint does not affect this order denying class certification.

## II. Legal Discussion

### A. Standard for Class Certification

■ The movant bears the burden of showing that certification is proper. *Ezell v. Mobile Housing Bd.*, 709 F.2d 1376, 1380 (11th Cir.1983). A court can only certify a class "after rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). A district court should not consider the merits of a case in determining whether to certify a class. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974). Yet, because evidence relevant to certification issues often intertwines with the merits of a case, a court may have to look beyond the pleadings to judge the commonality of the plaintiffs' claims. *Nelson v.*

*United States Steel Corp.*, 709 F.2d 675, 679–80 (11th Cir.1983). The Local Rules of the Middle District of Florida mandate that plaintiffs make "detailed allegations of fact showing the existence of the several prerequisites to a class action as enumerated in Rule 23(a) and (b) Fed.R.Civ.P." Local R. 4.04(a), M.D.Fla. If plaintiffs do not meet the requirements of the Local Rule, the court "may disallow and strike the class action allegations...." *Id.* 4.04(c).

### B. Federal Claims

■ "[A] class action is usually inappropriate in a securities fraud case where oral misrepresentations are involved." *Grainger v. State Sec. Life Ins. Co.*, 547 F.2d 303, 307 (5th Cir.1977), *cert. denied*, 436 U.S. 932, 98 S.Ct. 2832, 56 L.Ed.2d 777 (1978). Courts have generally denied certification of oral communications because of the highly individualized nature of the statements between class members and defendants. *Seiler v. E.F. Hutton & Co.*, 102 F.R.D. 880, 888 (D.N.J.1984). Certification of a class is proper if plaintiffs can prove that the oral misrepresentations were uniform and that no material variations exist in the statements made to each member of the class. *Grainger*, 547 F.2d at 307. "If plaintiffs cannot do this, then the district court may ... refuse to certify a class on the grounds that common questions of law or fact do not predominate." *Id.* at 307–08; Fed.R.Civ.P. 23(b)(3).

■ This class action is a fraud case based on oral misrepresentations. Plaintiffs assert that defendants deceived and misled them through the oral statements made by the employees of American Pioneer. Document 1 at paras. 35(a), 73, 74, 79. Plaintiffs' deposition testimony illustrates the oral nature of the fraud charges. Deposition of John Arie, Dec. 12, 1990, at 68–69, 85; Deposition of Donald Kaplan, Dec. 12, 1990, at 8. Therefore, the plaintiffs are required to show the existence of a standardized oral misrepresentation. *Grainger*, 547 F.2d at 307.

Plaintiffs allege American Pioneer's prospectus misled the public about the bank's financial condition by falsely characterizing

the loan losses of the bank as "investments" and "joint ventures" and by overstating American Pioneer's net worth. Document 1 at para. 62. The oral statements made to the class members must communicate the alleged fraudulent statements about American Pioneer's net worth, or similar information from the prospectus, if the class is to be certified. *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 724 (11th Cir.1987) (the court must determine whether the "oral representations to the named plaintiffs varied materially from the misleading information alleged to have been disseminated generally as a result of the defendants' common schemes"), *cert. denied,* 485 U.S. 959, 108 S.Ct. 1220, 99 L.Ed.2d 421 (1988); *see also Sharp v. Coopers & Lybrand,* 70 F.R.D. 544, 548 (E.D.Pa.1976) (if the plaintiffs show "[t]he oral statements were nothing more than the means by which the written contents of defendant's [prospectus] were conveyed to plaintiff" then certification is warranted), *aff'd,* 649 F.2d 175 (3d Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982). In addition, the same basic misrepresentations must have been relayed to each plaintiff. *Grainger,* 547 F.2d at 307.

The oral statements to the named plaintiffs differed from the prospectus, and each named couple was told something distinctive that materially varied from what was disclosed to the other couples. The Aries were informed that the notes were "fantastically safe" and bank statistics were quoted to them; the Kaplans were told the notes were sound investments but were apprised of nothing else; the Kasers were assured the notes were safe but were unable to recall whether other information was divulged to them. Depo. of J. Arie at 56; Depo. of D. Kaplan at 35; Deposition of Edgar Kaser, Dec. 11, 1990, at 48, 63–64. In essence, each couple neither received nor relied on the same alleged misrepresentations when they purchased the notes.

Plaintiffs claim a "sales pitch" was developed for the notes and "hard sell tactics" were used, Document 1 at para. 47, but no proof appears in the deposition testimony to demonstrate that all the bank employees used a standardized sales pitch. A common sales strategy might have been used in selling the notes, but this does not indicate whether the bank employees uniformly misrepresented the same facts about American Pioneer to induce the sale of the notes. Moreover, plaintiffs have not adhered to Local Rule 4.04(a), which requires detailed allegations of fact. To comply with the Local Rule, plaintiffs had to state exactly what the bank employees said to the purchasers of the notes. Instead, plaintiffs allege conclusive inferences without presenting an underlying factual basis.

To sustain a class action for the 10b–5 and 12(2) federal fraud claims, a plaintiff must convince the trial court that the claims can be established without individualized proof from each class member. *Westlake v. Abrams,* 575 F.Supp. 58, 62 (N.D.Ga.1983). Plaintiffs have failed to meet this challenge in light of the differences in the alleged oral misrepresentations made to the potential class members.

### C. State Claims

#### 1. Florida Statute § 517.12.

Plaintiffs allege Robert Caldwell and his company, Creative Capital Corporation (Caldwell defendants), acted as unregistered securities dealers in the offering of the notes. Document 1 at paras. 81–86. The complaint also names the American Pioneer directors "who personally participated and/or aided the sale" (individual defendants). *Id.* at para. 85.

Florida Statute § 517.12 states "[n]o dealer, associated person, or issuer of securities shall sell or offer for sale any securities ... unless the person has been registered...." Fla.Stat. § 517.12 (1989). The statute defines " '[o]ffer to sell,' 'offer for sale,' or 'offer' " to mean "any attempt or offer to dispose of, or solicitation of an offer to buy, a security ... for value." *Id.* § 517.021(12) (1989 & Supp. II 1990).

Plaintiffs' complaint and deposition testimony shows they were not the victims of a section 517.12 violation. In their complaint, plaintiffs concede that the Caldwell defendants "did not personally solicit sales

of the [c]apital [n]otes...." Document 1 at para. 47. The Caldwell defendants acted in an advertising and marketing capacity. *Id.* at para. 27. Neither the Caldwell defendants nor the individual defendants offered the notes to the plaintiffs. Depo. of J. Arie at 53–54; Depo. of D. Kaplan at 6–7; Depo. of E. Kaser at 44–46. The pleadings and evidence demonstrate that the named plaintiffs do not have a cause of action against the defendants for this claim. Because a person without a claim "cannot represent a class who may have claims," *Walker v. Jim Dandy Co.,* 97 F.R.D. 505, 507 (N.D.Ala.1983), *aff'd in part, rev'd in part,* 747 F.2d 1360 (11th Cir.1984), plaintiffs do not have standing to bring a class action under this claim.

Moreover, even if a standardized statement was used, each individual plaintiff would have to testify as to who sold him the notes. Thus, the court does not find "that questions of law or fact common to the members of the class predominate over any questions affecting only individual members...." Fed.R.Civ.P. 23(b)(3).

### 2. *Florida Statute § 817.41.*

■■■ To recover under Florida Statute § 817.41 for misleading advertising, a plaintiff must prove each of the elements of common law fraud. *Vance v. Indian Hammock Hunt & Riding Club,* 403 So.2d 1367, 1370 (Fla.Dist.Ct.App.1981). Plaintiffs are not entitled to a presumption of fraud; each plaintiff must show how he has been defrauded. *Reina v. Gingerale Corp.,* 472 So.2d 530, 531 (Fla.Dist.Ct.App. 1985). For a fraud claim to be actionable, "there must be an intentional material misrepresentation upon which the other party relies to his detriment." *Lance v. Wade,* 457 So.2d 1008, 1011 (Fla.1984).

Florida courts disfavor class certification for fraud cases because of the individual nature of demonstrating materiality and reliance. *Avila S. Condo. Ass'n v. Kappa Corp.,* 347 So.2d 599 (Fla.1976). A statement is material only if the complaining party relied on it in entering the transaction. *Vance,* 403 So.2d at 1371. This definition of materiality defeats most class action suits because "[w]hat one purchaser may rely upon in entering into a contract may not be material to another purchaser." *Lance,* 457 So.2d at 1011. Because each plaintiff would be required to prove that the allegedly misleading prospectus was a material item that he relied on in his purchase of the notes, a common question of fact does not exist and certification of the claim is unwarranted. *See Avila,* 347 So.2d at 609 ("fraud claims on separate contracts are inherently diverse, as a matter of law, because 'the demands of the various defrauded parties are not only legally distinct, but each depends upon its own facts'"). Furthermore, because some of the members of the class did not receive the prospectus before they purchased the notes, Depo. of D. Kaplan at 8, they could not have relied upon the asserted fraudulent representation contained in the prospectus. *Lance,* 457 So.2d at 1011.

### 3. *Breach of Fiduciary Duty.*

■■■ A fiduciary relationship exists when special confidence has been placed with a principal. *Atlantic Nat'l Bank v. Vest,* 480 So.2d 1328, 1332–33 (Fla.Dist.Ct. App.1985), *rev. denied,* 491 So.2d 281 (Fla. 1986), *and rev. denied,* 508 So.2d 16 (Fla. 1987). The principal must recognize or accept the trust that has been placed with him and he must act in good faith. *See Harris v. Zeuch,* 103 Fla. 183, 189, 137 So. 135, 138 (Fla.1931); 27 FLA.JUR.2D *Fraud & Deceit* § 16 (1981).

■■■ Generally, a bank-depositor transaction is treated as a debtor-creditor relationship and does not create a fiduciary duty. *Hooper v. Barnett Bank,* 474 So.2d 1253, 1257 (Fla.Dist.Ct.App.1985), *approved,* 498 So.2d 923 (Fla.1986). A fiduciary relationship is not established unless the bank "has reason to know ... that a depositor is reposing trust and confidence in the bank." *Id.* To show the existence of a fiduciary relationship the members of the class would have to prove that an exchange of trust and confidence occurred between each plaintiff and the bank. *Id.* This would require testimony from every purchaser of the notes and, as such, makes this case unsuited for class certification. *See* Fed.R.Civ.P. 23(b)(3); *cf. Westlake,* 575

F.Supp. at 62 (if proof is needed from each plaintiff to establish a claim the class cannot be certified).

### D. Requirements of the Local Rules

Local Rule 4.04(b) requires a plaintiff to present a class certification motion that contains a statement of "the number of persons in the class," and "if a determination is sought that the action be maintained under Rule 23(b)(3), the motion shall also suggest the means of providing, and defraying the cost of, the notice...." Plaintiffs' motion for certification and supporting memorandum do not state how many people are in the class, nor do they suggest the means of providing or defraying the cost of notice to the class members. *See* Documents 33, 35. Plaintiffs, therefore, have not complied with the Local Rules.

### III. Conclusion

Plaintiffs have failed to meet the pleading requirements of the Local Rules and have not put forth evidence showing that certification is justified. Plaintiffs' motion for class certification fails for each claim because they did not show how certification would lead to the efficient adjudication of the actions. The federal fraud claims cannot be certified because questions concerning the oral statements made to each plaintiff would predominate over any common facts. The state claims cannot be certified because of the individual facts each plaintiff would have to prove. Accordingly, plaintiffs' motion for class certification is DENIED, Document 33.

It is SO ORDERED.