**Rebecca RODRIGUEZ, and Tene Freeman, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**Michael McKINNEY, United States Department of Education, Defendants.**

Civ. A. No. 93–1996.

United States District Court, E.D. Pennsylvania.

July 8, 1994.

Alan White, Community Legal Services Inc., Philadelphia, PA, for plaintiffs.

David R. Hoffman, James G. Sheehan, Asst. U.S. Atty., U.S. Attorney's Office, Philadelphia, PA, and Mary Nell Clark, U.S. Dept. of Justice, Commercial Litigation Branch and Sean W. Colligan, U.S. Dept. of Justice, Civ. Div., Washington, DC, for defendants.

### MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

Before me is Plaintiffs' Motion for Class Certification in this civil RICO claim based

on mail and bank fraud. I will certify the class as defined in the attached Order for the following reasons:

In an Order entered June 6, 1994 (copy attached as Exhibit A *), I explained that the proposed class would satisfy the requirements of Federal Rule of Civil Procedure 23 if the class were limited to students with "no financial ability to afford an education without student loans." I incorporate the reasoning of my June 6, 1994 Order here and decide only the remaining questions.

In my June 6, 1994 Order I asked plaintiffs to submit a proposed order which "(1) should include an affidavit verifying that students in the proposed class had no financial ability to afford an education without student loans, and (2) should discuss whether the class to be certified meets the numerosity requirement of Rule 23(a)." Plaintiffs' submission convinces me that financially needy students can be identified in a class action and are sufficiently numerous to constitute a class.[1]

### 1. Financial Need

■ Plaintiffs propose a class limited to students "who received a Pell Grant, Basic Educational Opportunity Grant, and/or Supplemental Educational Opportunity Grant, or received General Assistance, AFDC, SSI or food stamps at the time they enrolled." Plaintiffs proffer that each of those forms of assistance is need-based and that, therefore, each student who received one of those forms of assistance had no financial ability to attend school without assistance.

I must determine whether plaintiffs can prove the financial need of each student consistent with Rule 23, which governs class actions. Under Rule 23(b)(3), I must be sure that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.[2]

The Rule requires a "predominance of common questions, not a unanimity of them." *Sharp v. Coopers & Lybrand,* 70 F.R.D. 544, 547 (E.D.Pa.1976), *aff'd* 649 F.2d 175 (3d Cir.1981), *cert. denied* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982).

Plaintiffs must show that each class member actually received assistance and that each form of assistance was need-based. Whether each student actually received assistance is an individualized question. But plaintiffs can establish that they received grants or other assistance through simple documentary evidence. As plaintiffs suggest, students may indicate their financial situation in response to the class notice. *See* Plaintiffs' Memorandum Re: Class Definition at 4. The individualized question does not doom class certification.

Whether each of the specified forms of assistance was need-based is a common question of fact. Plaintiffs may develop this point through documentary evidence as well.

Therefore, common issues will predominate in showing that the class consists of students with no financial ability to attend school without student loans.[3]

### 2. Numerosity

■ Plaintiffs allege that the delimited class exceeds 1,000 students. That number is sufficiently large to satisfy the numerosity

---

* Editor's Note: Exhibit A deleted for publication purposes. See 156 F.R.D. 112.

**1.** In response to plaintiffs' submission, defendant filed an "Opposition to Class Certification and Motion to Dismiss and for Summary Judgment." That motion does not discuss the two issues left open by my previous Order—namely, whether financially needy students can be identified in the context of a class action and whether those students constitute a class.

**2.** The other requirements of Rule 23 are not implicated by this issue.

**3.** Defendant raises, for the first time in his Opposition to Class Certification, whether a class of students "would be required to prove individually that the cause of their educational failure was in fact lack of ability to benefit." Def.Opp. at 38. This causation issue relates to damages rather than liability, and I anticipate that it can be resolved by questionnaire. Therefore, this issue does not destroy predominance. *See Sharp v. Coopers & Lybrand,* 70 F.R.D. 544, 547 (E.D.Pa. 1976), *aff'd* 649 F.2d 175 (3d Cir.1981), *cert. denied* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 648 (1982).

requirement of Rule 23(a). *See Torres v. CareerCom,* No. 91–3587, 1992 WL 245923 (E.D.Pa. September 18, 1992).

For the foregoing reasons, IT IS ORDERED that the Motion for Class Certification is GRANTED. The class is certified as defined in the attached Order.

## ORDER

And now, this 8th day of July, 1994, it is hereby ORDERED that:

1. The plaintiff class is hereby certified, consisting of all those persons:

A. who enrolled in the Watterson School of Business and Technology in Philadelphia on or after March 1, 1987, or the Mansfield School of Business in Philadelphia at any time, or the Watterson Skills Center in Philadelphia on or after March 1, 1987, or the Palmer School in Philadelphia, between September 1, 1983 and March 1, 1987,

B. who were admitted as students at the above schools on the basis of their "ability to benefit" at the time they enrolled,

C. who received a Pell Grant, Basic Educational Opportunity Grant, and/or Supplemental Educational Opportunity Grant, or received General Assistance, AFDC, SSI or food stamps at the time they enrolled, and

D. who presently owe a balance on a guaranteed student loan arising from their enrollment in one or more of the above schools, or owed a balance on such a loan on July 23, 1992.

2. Within 30 days, plaintiffs' counsel shall A) report on the feasibility of providing notice to potential class members in conjunction with the mailing of discharge applications contemplated by the settlement agreement with the Defendant United States Department of Education, or through separate notice, B) report on the availability and completeness of lists of potential class members available from the records of the Department, the Pennsylvania Higher Education Assistance Agency, United Student Aids Funds, the Nebraska Higher Education Loan Program and/or CareerCom Corporation (debtor in possession), and C) submit a proposed notice and timetable for mailing of notices and allowing class members to opt out.