[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-12897
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 06-21590-CV-PCH

DONAL B. BARRETT,

Plaintiff-Appellant,

versus

PHILIP J. SCUTIERI, JR.,

Defendant-Appellee.

--------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
--------------------------------------

**(June 17, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Donal B. Barrett, proceeding pro se, appeals the district

court's dismissal of his second amended complaint alleging fraud and promissory

estoppel against Defendant Philip J. Scutieri, Jr. The district court dismissed the complaint with prejudice for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).[1] No reversible error has been shown; we affirm.

In Barrett's second amended complaint, he alleged the following facts: (1) in 1995, he founded NetFax Incorporated ("NetFax") and, when the company later began to experience financial troubles, he controlled it by virtue of his ownership of a majority of its stock; (2) at a December 2001 meeting, he discussed his plans for the financial reorganization of the company with its directors and some fellow stockholders, including Scutieri; (3) shortly after this meeting, Scutieri called Barrett and falsely represented to him that he desired to collaborate with Barrett on the contemplated reorganization plan; (4) over the next six weeks, Barrett and Scutieri "collaborated closely [] as co-venturers" in effecting the transfer of control of NetFax from Barrett to Scutieri; (5) during this period, Scutieri intentionally concealed from Barrett his true intentions with NetFax, which was to place it into Chapter 7 liquidation proceedings; (6) NetFax, in fact, was liquidated, effectively extinguishing any ownership interest Barrett had; and (7) had Barrett

---

[1] Barrett, a Massachusetts resident, brought his suit against Scutieri, a Florida resident, in federal court based on diversity jurisdiction, 28 U.S.C. § 1332.

known Scutieri's true intentions, Barrett never would have transferred his interest to him.

On appeal, Barrett argues that these facts, as alleged, constituted legally cognizable claims for fraud and promissory estoppel. He also contends that his fraud claim was pleaded with the requisite level of particularity. We review de novo a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004). And "[w]e accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party." Id.

To state a claim for fraudulent inducement under Florida law[2] a plaintiff must allege that (1) the defendant made a false statement about a material fact; (2) the defendant knew the statement was false when he made it or was without knowledge of its truth of falsity; (3) the defendant intended that the plaintiff rely and act on the false statement; and (4) the plaintiff justifiably relied on the false statement to his detriment. Simon v. Celebration Co., 883 So. 2d 826, 832 (Fla. Dist. Ct. App. 2004). In addition, Fed.R.Civ.P. 9(b) requires a plaintiff to plead with particularity the circumstances constituting fraud.

---

[2]"A federal court applies the substantive law of the forum state in a diversity case, unless federal constitutional or statutory law requires a contrary result." Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 774-75 (11th Cir. 2000) (citation omitted).

Barrett's fraud claim fails procedurally and substantively. He did not set forth a specific oral or written statement or omission by Scutieri about a material fact. See Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2002) (to satisfy the particularity requirement of Rule 9(b), a plaintiff must, among other things, set forth "precisely what statements were made in what documents or oral representations or what omissions were made"). Barrett only vaguely alleged that Scutieri falsely stated an intention to collaborate on the implementation of a reorganization plan for NetFax. But to give rise to an action for fraud, the false statement must be about a past or existing fact, not a future action. See Vance v. Indian Hammock Hunt & Riding Club, Ltd., 403 So. 2d 1367, 1371 (Fla. Dist. Ct. App. 1981). While a plaintiff can state a cause of action for fraud if a defendant makes a promise to perform a material matter in the future with no intention of performing, see id. at 1372, here, Barrett does not even allege that Scutieri made a promise to perform, but instead, simply alleged that he expressed an interest in collaborating. Barrett did not set forth facts about what Scutieri promised to do or to refrain from doing and, thus, did not sufficiently allege fraud.[3]

---

[3]The district court also concluded that Barrett did not allege fraud based on Scutieri's failure to disclose his intention of liquidating NetFax because there was no fiduciary relationship between them and, thus, Scutieri had no duty to disclose. We see no error in this conclusion. Barrett did not allege that an express contract existed between him and Scutieri, but alleged only that they collaborated together in the reorganization of NetFax; nothing evidenced that Barrett was a weaker party dependent on Scutieri in the collaborative relationship. See Taylor Woodrow Homes Fla., Inc.

The absence of a promise also defeats Barrett's promissory estoppel claim. See Mount Sinai Hosp. of Greater Miami, Inc. v. Jordan, 290 So. 2d 484, 486 (Fla. 1974) (explaining that the doctrine of promissory estoppel applies when a promise is made and that promise is reasonably expected to cause the promisee either to take some action or forego taking action).

Barrett also argues that the district court should not have dismissed his second amended complaint with prejudice. Dismissal of a case with prejudice is a sanction of last resort, applicable only in extreme circumstances. See Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1993) (in the context of a Fed.R.Civ.P. 41(b) dismissal for failure to comply with a court order). Also, a district court's discretion to dismiss a complaint without leave to amend is restricted by Fed.R.Civ.P. 15(a), which directs that leave to amend shall freely be given when justice so requires; but if there has been a repeated failure to cure deficiencies by amendments previously allowed, the district court does not have to allow the party to amend the pleading. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Shortly after Barrett filed his original complaint, he filed a first amended complaint, which the district court dismissed without prejudice on Scutieri's

---

v. 4/46-A Corp., 850 So. 2d 536, 540 (Fla. Dist. Ct. App. 2003) ("[t]o establish [an implicit] fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party").

5

motion to dismiss. The district court instructed Barrett that he could filed a second amended complaint. Here, the district court committed no abuse of discretion in dismissing the second amended complaint with prejudice because the court previously had explained to Barrett the deficiencies in his first amended complaint and had allowed him to correct them, but he failed to do so.

AFFIRMED.